[Civ. No. 5485.   Third Appellate District.—December 7, 1935.]

ROBERT I. IRONS, Petitioner, v. THE SUPERIOR COURT OF AMADOR COUNTY et al., Respondents.

Snyder & Snyder and Irons & Greene for Petitioner.

Horowitz & McCloskey for Respondents.

THOMPSON, J.—By means of a writ of *certiorari* the petitioner seeks to review an order of the Superior Court of Amador County vacating a former order of that court granting a new trial on the ground that the court was without jurisdiction to allow the new trial since the motion therefor was presented without notice and without the knowledge or presence of the respondent, The Pioneer Lucky Strike Gold Mining Company.

The petitioner brought suit in Amador County against The Pioneer Lucky Strike Gold Mining Company and other defendants. The cause was tried by the court sitting without a jury. Findings were adopted favorable to the defendant and judgment was rendered accordingly. Notice of intention to move for a new trial was filed. Without the knowledge of this gold mining company the motion for a new trial was set for hearing for September 17, 1934. No notice of the time for presenting that motion for a new trial was served upon the gold mining company. It has no knowledge of that hearing and was not present when the motion was presented. October 2, 1934, the motion for a new trial was granted. Subsequently upon due notice and upon affidavits filed in support thereof, the gold mining company moved the court pursuant to the provisions of section 473 of the Code of Civil Procedure to vacate the previous order granting a new trial on the ground that it was invalid and void for lack of notice and opportunity to be heard. This motion was granted and the previous order allowing a new trial was set aside. The petition for a writ of *certiorari* was then filed in this court.

It is contended the court exhausted its authority by granting a new trial and that the subsequent order was therefore void for lack of jurisdiction. It is also asserted a writ of review will not lie under the circumstances of this case for the reason that the petitioner had a complete remedy on appeal from the special order which was made after final judgment had been rendered as provided by section 963 of the Code of Civil Procedure.

The order allowing a new trial was invalid as to The Pioneer Lucky Strike Gold Mining Company for the reason

that it was granted without notice or knowledge of the hearing thereof, on its part. (Section 661, Code Civ. Proc.; *De Gaze* v. *Lynch*, 42 Cal. 362; *People* v. *Carpenter*, 3 Cal. App. (2d) 746 [40 Pac. (2d) 524]; *Armstead* v. *Jackson*, 100 Cal. App. 725 [280 Pac. 1028].) Section 661, *supra*, specifically requires the clerk of court to give the respective parties to an action five days' notice of the time set for the hearing of a motion for new trial.

█ Since the order granting a new trial was invalid as to The Pioneer Lucky Strike Gold Mining Company, the court had full authority upon motion therefor, pursuant to the provisions of section 473 of the Code of Civil Procedure, to set it aside, and the subsequent order vacating the order allowing a new trial was therefore properly granted. █ When an order granting or denying a motion for a new trial has been irregularly made through inadvertence, mistake or a lack of jurisdiction, the court has authority in a proper proceeding to set it aside. (*Drinkhouse* v. *Van Ness*, 202 Cal. 359, 369 [260 Pac. 869]; *Robson* v. *Superior Court*, 171 Cal. 588 [154 Pac. 8, 9]; *Middleton* v. *Finney*, 214 Cal. 523 [6 Pac. (2d) 938].) The Robson case, *supra*, contains an elaborate review of the authorities upholding the principle that a court has full power to vacate an order granting or denying a motion for new trial which has been made inadvertently or without jurisdiction. In the case last mentioned the court quotes with approval from *Stewart* v. *Taylor*, 68 Cal. 5 [8 Pac. 605], as follows:

" 'There is no doubt that the court in which an irregular order is made and entered may, where the irregularity is apparent, on suggestion, motion, or *ex mero motu*, set it aside at any time before an appeal is taken from it.' "

It is undoubtedly true that when the trial court regularly makes a valid order granting or denying a motion for new trial, its jurisdiction is exhausted in that regard, and such an order may not subsequently be modified or vacated by that court. (*Compton* v. *Northwest Engineering Co.*, 116 Cal. App. 523 [2 Pac. (2d) 1014, 1015]; *Lang* v. *Superior Court*, 71 Cal. 491 [12 Pac. 306, 416]; 20 Cal. Jur. 204, sec. 134.) But the inadvertent making of an invalid order granting or denying a motion for new trial when the court lacks jurisdiction of the parties is a recognized exception to the general

rule previously stated. The Drinkhouse case, *supra,* says in that regard:

"When a motion for a new trial has been made in due form, upon a settled statement, and the court has passed on the motion, the order regularly made is conclusive so far as the court making it is concerned. It cannot afterward, even on motion, vacate the order and decide the matter anew. (*Coombs* v. *Hibberd,* 43 Cal. 452; *Dorland* v. *Cunningham,* 66 Cal. 484 [6 Pac. 135].) There are, of course, exceptions to the general rule. An order irregularly made is not subject to it, and may be set aside on a proper showing, if application is made therefor. (*Holtum* v. *Greif,* 144 Cal. 521, 524 [78 Pac. 11]; *Morris* v. *De Celis,* 41 Cal. 331.)"

The present case is a clear example of an invalid order granting a new trial which was made without notice or knowledge of the hearing on the part of The Pioneer Lucky Strike Gold Mining Company. This case therefore falls within the previously stated exception to the general rule regarding the power of a court to set aside its valid order granting or denying a motion for a new trial, and the court properly vacated that erroneous order.

In the Lang case, *supra,* relied upon by the petitioner, the court had jurisdiction and made a valid order based on due notice of the hearing. It is said in that regard:

"Said motion was, *on due notice given,* stricken off the calendar. This was equivalent to a denial of the motion."

In the Compton case, *supra,* the court likewise had jurisdiction and the motion was heard upon due notice thereof. It is said in that regard:

"It was not contended the motion was denied through inadvertence or mistake. . . . In truth, the record which is presented by the bill of exceptions appears to affirmatively indicate that the order was duly and regularly made."

The other cases relied on by the petitioner may be likewise reconciled with the preceding principle upon which this proceeding is determined.

Since we have held that the order of court granting a new trial was invalid as against The Pioneer Lucky Strike Gold Mining Company for lack of notice of the hearing, and that the court was, therefore, authorized to set it aside upon timely motion therefor under the provisions of section 473 of the Code of Civil Procedure, it is not necessary to pass on the re-

spondents' further contention that *certiorari* will not lie under the circumstances of this case for the reason that the petitioner had an adequate and speedy remedy by appeal from the challenged order.

The order vacating the former order granting a new trial is affirmed.

Pullen, P. J., and Plummer, J., concurred.