[Civ. No. 14108.   First Dist., Div. One.   Oct. 14, 1949.]

ROBERT DESCHAMPS, Plaintiff and Respondent, v. INDEPENDENT CAB COMPANY et al., Defendants and Respondents; STEVE VALLERGA, Appellant.

Dana, Bledsoe & Smith and Morton B. Jackson for Appellant.

Melvin M. Belli, Lou Ashe and John Brettman for Plaintiff and Respondent.

Hoge, Pelton & Gunther, Leo V. Killion and Reginald M. Watt for Defendants and Respondents.

BRAY, J.—Appeal by defendant Vallerga from certain orders made after verdict and judgment in a personal injury action. The facts are agreed upon and presented in the form of a settled statement.

## RECORD

Plaintiff was a passenger riding in a cab operated by defendant Don Clark, doing business as the Independent Cab Company, and driven by defendant Albert Stein. The cab collided

with an automobile driven by defendant Vallerga. Plaintiff sued all three for injuries received in the collision.[1]

The jury rendered a verdict in favor of plaintiff and against the cab company in the sum of $15,000, and in favor of defendant Vallerga. On June 18, 1948, plaintiff filed and served a notice of entry of judgment, and also notice of intention to move for a new trial upon all the statutory grounds. Thereafter[2] defendant cab company served on plaintiff and defendant Vallerga notice of intention to move for a new trial, also upon all the statutory grounds.

Neither of these motions was set for hearing. No affidavits or briefs were filed. No hearing was had, nor was either motion submitted. On July 7, the court granted a new trial as to *all* parties ''on the grounds of insufficiency of evidence to justify verdict, and upon all other legal grounds.''

Thereafter, Vallerga served and filed a notice of motion, under section 473 of the Code of Civil Procedure, to set aside so much of the July 7 order as granted a new trial as to him. This notice stated that the ''Said Motion will be made upon the grounds that the Order granting said motion was prematurely made and entered before submission of the Motion for New Trial made by the plaintiff, without notice to the defendant Steve Vallerga, or to any of his attorneys and without the hearing of any argument in support of or against the Motion for New Trial'' and on the further ground that it was made and entered against Vallerga ''through mistake and inadvertence'' and that he and his attorneys were ''taken by surprise.'' Accompanying the notice was an affidavit of one of Vallerga's attorneys stating that no affidavits or points and authorities were served, no notice of hearing given, and that the order was made without hearing or argument and before the motions were submitted. The points and authorities accompanying the notice cited code sections showing that the granting of the motions ''on all other legal grounds'' without affidavits was a nullity. It also stated that the court had no way of knowing whether plaintiff would abandon his motion for new trial against Vallerga and whether plaintiff still

---

[1] Hereafter, for brevity, defendant Stein will be considered with defendant Don Clark doing business as the Independent Cab Company, and both will be referred to as the ''cab company.''

[2] For brevity and to prevent confusion of the important dates, the dates of the various proceedings herein will not be given, unless necessary to this decision.

desired such new trial; also that the plaintiff's motion was never submitted. It then cited *Irons* v. *Superior Court*, 10 Cal.App.2d 523 [52 P.2d 553], to the effect that an order allowing a new trial without notice of the hearing is invalid. Plaintiff then served and filed a notice of motion under section 473 to set aside so much of the order of July 7 as granted a new trial as to the cab company on the grounds that the order was prematurely made. The notice stated that plaintiff joined in Vallerga's points and authorities.

On August 9, 1948, the court entered the following minute order: ". . . the Court ordered the motions of defendant Steve Vallerga, and plaintiff, Robert Deschamps, to set aside order granting a new trial, granted."

On August 16, the 60 days given the court to pass on the motion for new trial expired, as that was the 60th day after filing notice of entry of judgment. However, on August 18, plaintiff and the cab company moved for a new trial based upon their previous notices of intention to move for a new trial. The same day the court, by minute order, granted both motions for new trial. On August 24, following the minute order, a formal order was made. Obviously, both orders were void as the court's time to grant a new trial had expired.

Thereafter plaintiff filed a notice of motion to set aside or determine and to fix validity of orders granting and denying new trials. Defendant Vallerga appeared on the hearing of this motion and objected specially to the jurisdiction of the court to hear it. No affidavits were filed in support of the motion. Plaintiff and the cab company moved the court for an order setting aside the order of August 9 and reinstating the original order granting new trial of July 7. On December 9, a minute order was entered: "In this action, the Court ordered the motion of defendant Independent Cab Company, to vacate and set aside order of August 9, 1948, granting the motions of Steve Vallerga and Robert Deschamps, to set aside order granting a new trial; granted." This was followed by a formal order on December 14, which stated that on the motions of plaintiff and the cab company "that certain order of August 9, 1948, heretofore entered by mistake and inadvertence, is hereby set aside and vacated . . .

"IT IS FURTHER ORDERED that the original orders in this cause made granting a new trial to plaintiff against both defendants and granting a new trial as to defendant Don Clark, doing business as Independent Cab Company, and Albert Stein, shall stand and the same are affirmed; and

"IT IS HEREBY ORDERED and affirmed that plaintiff shall have a new trial against all defendants herein and any orders subsequently made to set original order are declared vacated and are vacated."

Vallerga appealed from both the minute order of December 9, and the formal order of December 14.[1]

## CONTENTIONS

Defendant Vallerga contends that the orders of December 14 were void because (1) they attempted to grant a new trial after the court's jurisdiction to do so had expired; (2) the motion upon which they appeared to be based did not comply with section 473 and was otherwise improper; also that plaintiff is estopped to question the order of August 9. Plaintiff contends (1) that the orders of August 9 and December 14 were both void, because by the order of July 7 the court exhausted its jurisdiction to modify or vacate the order granting a new trial as to all parties (the cab company makes the same contention but has no legal standing to question the acts of the court as to its codefendant Vallerga (*Robson* v. *Superior Court,* 171 Cal. 588 [154 P. 8])); (2) that no estoppel lies.

It is clear that the orders of August 18 and 24, purporting to grant a new trial, were made after the expiration of the time in which the court could pass upon the motion for new trial, and are void. Likewise, those portions of the orders of December 14 purporting to grant or confirm a new trial were also void.

## ORDER OF JULY 7 INVALID

The first question to be determined is the validity of the order of July 7 granting a new trial as to all parties. A mere examination of the order and the record shows its invalidity. It states that "the Court ordered the motions for a new trial" granted. The record shows that there were no motions for a new trial made. The court had the power on its own motion to grant a new trial. But the court did not do this. It purported to grant motions which had not been made. There was on file at the time only the notice of plaintiff and the cab company that they *intended* to move for a new trial. No hearing was set and no notice of hearing given; no motions made and no submission to the court of anything upon which

---

[1]For brevity these orders will be considered together and referred to as the orders of December 14.

to act. It was a stronger situation than in *Irons* v. *Superior Court, supra* (10 Cal.App.2d 523). There the motion for new trial was set for hearing but no notice given the defendant mining company although it apparently was given to the plaintiff and the other defendants. The court held (p. 524): ''The order allowing a new trial was invalid as to The Pioneer Lucky Strike Gold Mining Company for the reason that it was granted without notice or knowledge of the hearing thereof, on its part. [Citing cases.] Section 661, *supra* [Code Civ. Proc.], specifically requires the clerk of court to give the respective parties to an action five days' notice of the time set for the hearing of a motion for new trial.''

If an order granting a new trial is invalid for failure to give notice of a hearing regularly set, still more is an order made without even a hearing being set or a motion made.

The cases cited by plaintiff are not in conflict with this conclusion. In *Collins* v. *Nelson,* 41 Cal.App.2d 107 [106 P.2d 39], the motion for new trial was ordered submitted on briefs to be filed by the respective parties in three, two and one weeks. However, the next day, without waiting for briefs, the court entered an order reading ''The motion for new trial herein, heretofore submitted, is hereby granted.'' (P. 111.) Upon appeal it was held that the order was valid as the court had the right to decline to receive briefs. The court pointed out (p. 113): ''Undoubtedly in the case before us the trial judge became cognizant of the fact that if he permitted the time to elapse which he had granted for filing briefs the sixty-day period within which he could rule upon the motion for a new trial would have expired, whereupon he entered his order. When the trial judge directed the filing of briefs he did not thereby divest himself, as claimed by appellant, of jurisdiction to rule on the motion for a new trial until the allotted time for filing briefs had expired. Obviously, all this was procedural and within the control and discretion of the trial judge.''

There is a considerable difference between a court refusing to wait for briefs after the motion is submitted and one where the court without such submission acts, not upon his own motion, but upon purported motions which were never made. In *Morel* v. *Simonian,* 103 Cal.App. 490 [284 P. 694], the exact procedure followed does not appear. However, the language used would indicate that there was a hearing on the motion for new trial. ''Many affidavits were submitted in support of the motion.'' (P. 495.) The court then said: ''Complaint is also made that the trial court refused to give

appellant the privilege of arguing the motion for a new trial. This is also a matter of discretion resting with the trial court.'' (P. 495.) There is nothing in this case which holds that an order made under the circumstances of our case is a valid one.

The Collins case, *supra,* does not discuss the Irons case, *supra.* It seems elementary that a court cannot grant a motion not made, nor one, if made, of which a party has received no notice.

In determining the validity of the July 7 order we must look not only at the order but the record showing the proceedings on which it was based. (1 Freeman on Judgments (5th ed.) § 375, p. 786; *Petition of Furness,* 62 Cal.App. 753, 756 [218 P. 61].) ''. . . if the fatal defect is apparent from an inspection of the judgment roll it may be urged upon either direct or collateral attack and the asserted void portions may be lopped off as dead branches upon the judicial tree. [Citing cases.]'' (*Estate of Smead,* 12 Cal.2d 20, 25 [82 P.2d 182].) There being no motions for the court to pass on, it affirmatively appears on the face of the record that the order is void.

While the court under section 166 of the Code of Civil Procedure has the power ''at chambers'' to ''hear and determine all motions made'' under section 657 of the Code of Civil Procedure. (the section providing for new trials), this does not mean that the court can there pass upon a motion which has neither been made nor submitted. *Long* v. *Standard Oil Co.,* 92 Cal.App.2d 455 [207 P.2d 837], cited by plaintiff, does not hold to the contrary. In that case ''the motion was argued and submitted.'' (P. 457.) The judge later handed to his clerk a ''Memo of Decision of Defendant's Motion for a New Trial'' upon which the clerk entered a minute order granting a new trial. The court held that this was a sufficient direction to the clerk to authorize the minute order. Likewise in *Hackel* v. *Los Angeles Ry. Corp.,* 31 Cal. App.2d 228 [88 P.2d 178], referred to in the Long case (p. 458), the motion for new trial was made and heard in open court, argued and submitted. It appeared that the order granting a new trial was entered in the minutes by the court on oral instruction of the judge. It was held that this was sufficient.

## ORDER OF AUGUST 9 VALID

This brings us to the order of August 9. The attack on the validity of this order is based on the contention that

the court in granting it acted on the authority of *Irons* v. *Superior Court, supra* (10 Cal.App.2d 523), and was in error in so doing; that the court in its order of July 7 merely made an error of law in thinking that it could make such order without a motion being made and hence could not cure such error of law by a subsequent order. But, as we heretofore pointed out, the Irons case does apply. The further contention that the court exhausted its jurisdiction by the order of July 7 is well answered in that case as follows (p. 525): "It is undoubtedly true that when the trial court regularly makes a valid order granting or denying a motion for new trial, its jurisdiction is exhausted in that regard, and such an order may not subsequently be modified or vacated by that court. [Citing cases.] But the inadvertent making of an invalid order granting or denying a motion for new trial when the court lacks jurisdiction of the parties is a recognized exception to the general rule previously stated." The motion was made on the grounds (1) that the order was prematurely made without notice of hearing, hearing, motions, or a submission; (2) through mistake, inadvertence and surprise. An affidavit accompanied the notice of motion setting forth the facts showing both grounds of the motion. Thus the moving papers were sufficient upon which to base the motion, and the motion was properly granted.

Even if the order of July 7 was not void and the court had the power to make it without the motions being made or submitted, the court had the power under section 473 to grant relief where it had inadvertently made an order without notice. It is obvious that the order granting the new trial which included "upon all other legal grounds" was inadvertently made as there were no affidavits or showing upon which such an order could have been made. The court in its order of August 9 granted the *motions* without limiting it to any of the grounds upon which the motions were made. Thereby the court is presumed to have granted it on all the grounds set forth in the motions and affidavit, first, that the order of July 7 was invalid; and secondly, that it was entered through mistake, inadvertence and surprise.

### ORDERS OF DECEMBER 14

This, however, is not true of the orders of December 14. There was no basis for the motion—no showing that there was any mistake or inadvertence in the making of the order of August 9. The notice of motion stated that plaintiff would

move the court "to set aside or determine and to fix validity of orders granting and denying new trials." Prior to the filing of this notice of motion a motion to advance the case on the calendar for trial had been made and denied without prejudice to Vallerga's right to move for a determination of the validity of the order granting a new trial as against him. Plaintiff's notice of motion stated that the motion would be made pursuant to this action of the court, and among other things, would be based "upon affidavits and evidence to be adduced." No affidavits were filed and no evidence adduced, other than the records themselves. It is well settled in this state that a person seeking relief from a judgment or order on the grounds of mistake or inadvertence has the burden of showing why he is entitled to the relief "and the assumption of this burden necessarily requires the production of evidence." (*Hewins* v. *Walbeck,* 60 Cal.App.2d 603, 610 [141 P.2d 241].) The notice of motion must state the grounds upon which it will be made. (Code Civ. Proc., § 1010.) Because of the failure to set forth any grounds upon which the motion would be made, no showing of mistake or inadvertence, the attempt to grant a new trial long after the time to do so had expired, the fact that the order of July 7 was invalid and therefore the order of August 9 was properly made, the court had no power to make the orders of December 14 and they are void.

The orders appealed from are reversed.

Peters, P. J., and Ward, J., concurred.

Petitions for a rehearing were denied November 12, 1949, and the following opinion was then rendered:

BRAY, J.—The court in its opinion stated that the motions for new trial had not been *made.* This statement is incorrect in view of section 659 of the Code of Civil Procedure which provides that a notice of intention to move for a new trial "shall be deemed to be a motion for a new trial on all the grounds stated in the notice." This incorrect statement, however, does not affect the correctness of our decision. The motions were never *submitted,* nor was any opportunity given the parties to be heard on them, either orally or otherwise. Moreover, as pointed out in our opinion, the order is invalid upon another ground. No affidavits had been filed as required by law, and yet the court purported to grant the new trial upon

"all other legal grounds" in addition to the ground of insufficiency of the evidence. This the court had no right to do. Hence its action on August 9 in setting aside the July 9 order was not only proper but necessary.

In the opinion, a formal order was not made concerning the plaintiff's motion to dismiss the Vallerga appeals. Such motion is hereby denied.

Peters, P. J., and Ward, J., concurred.

Respondents' petitions for a hearing by the Supreme Court were denied December 13, 1949. Edmonds, J., and Schauer, J., voted for a hearing.