[Civ. No. 14831. First Dist., Div. One. Jan. 15, 1952.]

PETER M. SVISTUNOFF, Appellant, v. MICHAEL SVISTUNOFF et al., Respondents.

Phil F. Garvey and James A. Himmel for Appellant.

Frank J. Baumgarten and Alexander Riaboff for Respondents.

BRAY, J.—Appeals by plaintiff (1) from an order vacating an order setting aside default and judgment, and (2) from an order again setting aside the default and judgment.

### QUESTIONS INVOLVED

1. Is the vacated order void? 2. If so, does an appeal from it deprive the trial court of the power to set it aside or to disregard it? 3. Will a mistake of law excuse a default?

### RECORD

It is necessary to set forth only that portion of the record bearing on the questions presented. On March 18, 1950, the complaint and summons were served on the defendants. Ten days thereafter defendants demanded of plaintiff a bill of particulars. On April 6th, the 19th day after service of summons, plaintiff requested and obtained entry of default of both defendants and a judgment against them in

the sum of $19,200. On May 26th, under the mistaken belief of defendants' attorney that the demand for the bill of particulars extended their time to appear or answer, defendants filed a notice of motion to preclude plaintiff from giving evidence on the ground that plaintiff had failed to furnish a sufficient bill of particulars as demanded. The same day, defendants also filed a notice of motion to dismiss on technical grounds. Plaintiff, in opposition to the motion to dismiss, filed an affidavit setting up various matters, but in nowise informing the court of the fact that a default judgment had been entered. On the hearing of these motions, again the plaintiff was silent about the default and argued the motions on the merits. The motions to dismiss and preclude giving evidence were submitted June 19th, and denied without prejudice August 29th. September 1st defendants filed a notice of motion to set aside the default and default judgment, accompanied by affidavits, on the grounds set forth in section 473, Code of Civil Procedure. One was an affidavit of merits by defendant Michael. Another was by Attorney Riaboff to the effect that as defendants' attorney he was under the mistaken belief, based upon a mistaken interpretation of *Providence Tool Co.* v. *W. A. Prader,* 32 Cal. 634 [91 Am.Dec. 598], that the filing of a demand for a bill of particulars and plaintiff's failure to give it, extended defendants' time to appear; that he acted without any intention to delay the action; that about May 16th he associated Attorney Baumgarten in the case and informed him that the time to plead had been preserved. A third affidavit was by Attorney Baumgarten to the effect that on May 15th he had been associated in the case and had been assured by Riaboff that there was time to plead; that he prepared the motion to preclude plaintiff from giving evidence; that he was lulled into security by the fact that in the opposition to this motion plaintiff's attorney did not inform the court or him of the default. Defendants' notice of motion to set aside the default was noticed for September 7th. It was not served until September 6th. There was no order shortening time. Plaintiff did not appear in opposition and on September 7th the court made its order setting aside the default and judgment. September 15th plaintiff appealed from that order.*
On September 30, 1950, based on affidavits then on file and particularly the affidavit of Attorney Garvey and his secre-

*This is the appeal in *Svistunoff* v. *Svistunoff,* Civ No. 14830, *post,* p. 646 [239 P.2d 665].

tary, Helen J. Murin, showing that service of the first notice of motion to set aside the default was improper to give the court jurisdiction, the court vacated its order of September 7th. Then on October 6th, on proper notice of motion and additional affidavits, the court again set aside the default and default judgment. Plaintiff appealed from both these orders.

### 1. *The Order of September 7th Is Void*

■ To begin with, it should be pointed out that a demand for a bill of particulars made under section 454, Code of Civil Procedure, does not extend the' time to answer (*Steineck v. Coleman*, 72 Cal.App. 244 [236 P. 962]) ; hence defendants were properly found to be in default.

■ Notice of the motion to set aside the default, in the absence of an order shortening time, should have been given at least five days before the time appointed for the hearing. (Code Civ. Proc., § 1005; *Brownell* v. *Superior Court*, 157 Cal. 703 [109 P. 91].) A sufficient notice of the hearing not having been given, the order was void. (*Irons* v. *Superior Court*, 10 Cal.App.2d 523 [52 P.2d 553] ; see, also, *Peters* v. *Anderson*, 113 Cal.App. 158 [298 P. 76].)

### 2. *Effect of the Appeal from the First Order*

■■ Plaintiff contends that the appeal from the first order deprived the trial court of jurisdiction to act in any respect concerning that order. While this is the general rule, in this case, since the order was void for lack of proper notice and jurisdiction, a different situation exists from the usual case of mere error. The court could have either disregarded it entirely and considered the new motion to set aside the default, or could have set it aside of its own motion, or, as here, on motion of defendant. "It is said in Corpus Juris, volume 42, page 558: 'An order made by a court or judge wholly without jurisdiction is void and of no force or effect. . . . *A void order remains without effect as completely as if never entered.*' (Italics ours.) The cases relied upon by appellant to sustain the second point involve situations where the first motion for a new trial had been properly made and not where the first order was a nullity. Under these circumstances the second motion for a new trial, based upon the written notice of intention, must be deemed to have been an original motion." (*Peters* v. *Anderson, supra,* 113 Cal.App. 158, at p. 160; see, also, 31 Am.Jur. 91.) "However, a court may set aside a void order at any time. An appeal

will not prevent the court from at any time lopping off what has been termed a dead limb on the judicial tree—a void order." (*Macmillan Petroleum Corp.* v. *Griffin,* 99 Cal.App. 2d 523, 533 [222 P.2d 69].) The statement in *Irons* v. *Superior Court, supra,* 10 Cal.App.2d 523, at page 525, concerning the failure to give notice on a motion for new trial answers that question and applies to the situation here. "It is undoubtedly true that when the trial court regularly makes a valid order granting or denying a motion for new trial, its jurisdiction is exhausted in that regard, and such an order may not subsequently be modified or vacated by that court. (*Compton* v. *Northwest Engineering Co.,* 116 Cal.App. 523 [2 P.2d 1014, 1015] ; *Lang* v. *Superior Court,* 71 Cal. 491 [12 P. 306, 416] ; 20 Cal.Jur. 204, § 134.) But the inadvertent making of an invalid order granting or denying a motion for new trial when the court lacks jurisdiction of the parties is a recognized exception to the general rule previously stated." "An appeal does not deprive the trial court of jurisdiction to vacate a void order. If it is void upon its face, it may be set aside at any time. If it is void in fact for want of jurisdiction, but not void upon its face, a separate action of attack is the preferable procedure (*Isert* v. *Riecks,* 195 Cal. 569 [234 P. 371] ), but if there is an absence of jurisdiction and this becomes certain from an inspection of the entire record, the trial court is not precluded from taking proper action though an appeal is pending." (*Fallon* v. *Superior Court,* 33 Cal.App.2d 48, 51 [90 P.2d 858].) In our case, that the court had no jurisdiction to make the order appears on the face of the record, as it shows that the notice required by law was not given.

Cases cited by plaintiff like *Takahashi* v. *Fish & Game Com.,* 30 Cal.2d 719 [185 P.2d 805], *Swan* v. *Riverbank Canning Co.,* 81 Cal.App.2d 555 [184 P.2d 686], and *Howard* v. *Howard,* 70 Cal.App.2d 731 [161 P.2d 681], upholding the general rule that an appeal deprives the trial court of the power to set aside the order appealed from, are not in point for the reason that none of them deal with a void order, which as herein pointed out raises an exception to that rule.

### 3. *No Abuse of Discretion in Setting Aside Default*

█ It is only where the trial court has abused its discretion in setting aside a default that this court can reverse its action. █ Plaintiff contends that there was such an abuse of discretion, primarily, because, he contends, a mistake of law cannot excuse a default. It appears from defendants'

affidavits, and the trial court presumably so found, that the failure to appear in the case was due to the mistake of defendants' attorney in misreading *Providence Tool Co.* v. *W. A. Prader, supra,* 32 Cal. 634, and believing that the demand for a bill of particulars extended defendants' time to appear. The cases cited by plaintiff do not support his contention. The first, *Porter* v. *Anderson,* 14 Cal.App. 716 [113 P. 345], dealt with a situation where, after the case was tried, submitted, and an opinion of the court finding in favor of defendants filed, plaintiff moved to reopen the case, to be permitted to file an amended complaint, and to have the entire case retried, upon the ground of surprise on the part of himself and his attorney, the surprise being that they had not expected the court's decision to be what it was, namely, that the complaint did not state a cause of action. The trial court denied the motion. The reviewing court held that the trial court did not abuse its discretion, pointing out among other things that the attorney who claimed to have been surprised by the court's action at the end of the case "was himself at least in grave doubt, from the time that the demurrers were overruled, whether his complaint stated a cause of action, and that, entertaining such doubt, it was his duty to confirm or remove it by further investigation of the question before the cause was called for trial on the merits." (Pp. 725, 726.) It further held that "an erroneous view of the requisites of a sufficient complaint . . . was a disappointment rather than the 'surprise' contemplated by" section 473, Code of Civil Procedure, and that the allowance of plaintiff's motion would result in a trial de novo. (P. 726.) Obviously, the mistake of counsel in that case is of an entirely different nature than the one here. Moreover, there, the trial court, in the exercise of its discretion, found against the moving party, whereas here it found in their favor. The second case, *Mahana* v. *Alexander,* 88 Cal.App. 111 [263 P. 260], is not only not in point on the facts, but on the law supports the action of the trial court here. There, the trial court refused to vacate the order sustaining a demurrer to the second amended complaint without leave to amend. Plaintiff's counsel had stated in open court that he did not desire leave to amend. Thereafter new counsel moved to set aside the order on the ground of former counsel's mistake of law. In upholding the action of the trial court, the reviewing court laid down the rule which is applicable here (p. 126): "It has with no infrequency been decided

that a judgment by default may be vacated and set aside on the ground that such judgment was brought about and entered through a mistake in law on the part of the moving party through the erroneous advice given to the former by his attorney. (See 14 Cal.Jur., sec. 99, p. 1044, and cases named in the footnotes.)'' The court then reviewed the cases up to that time in which relief under section 473, Code of Civil Procedure, was applied for on the ground of mistake of law by a party or his attorney, and quoted from *O'Brien* v. *Leach,* 139 Cal. 220 [72 P. 1004, 96 Am.St.Rep. 105]: '' 'In matters of this sort the proper decision of the case rests almost entirely in the discretion of the court below, and this court will rarely interfere, and never unless it clearly appears that there has been a plain abuse of discretion. *This court will usually sustain the action of the court below upon the same facts, whether that decision is for or against the motion;* but it is much more disposed to affirm an order when the result is to compel a trial upon the merits than it is when the judgment by default is allowed to stand, and it appears that a substantial defense could be made. *This will explain what would otherwise seem to be a conflict in the decisions.'* (Italics ours.)''

In *Steineck* v. *Coleman, supra,* 72 Cal.App. 244, the attorney for defendants claimed that he had made the same mistake made by defendants' attorney here—believed that the demand for a bill of particulars extended his time to appear. The trial court refused to vacate the default, and its action was affirmed by the reviewing court. However, it pointed out that the facts showed that the defendant intentionally and for some time successfully evaded service of summons. It then said (p. 248): ''While such mistake of law on the part of the attorney of the defendant might, under some circumstances, serve as a justification for relief under the provisions of section 473 of the Code of Civil Procedure, nevertheless the court on the hearing of the motion was entitled to take into consideration all of the facts presented, in order to determine whether or not the default had been suffered as the result of excusable delay, *or was a part of a policy of intentional delay on the part of the defendant.* The court in acting upon the evidence in this manner did not abuse its discretion therein.'' (Italics added.)

*Douglass* v. *Todd,* 96 Cal. 655 [31 P. 623, 31 Am.St.Rep. 247], illustrates how far the courts have gone in relieving a party from a mistake of law. There the party permitted

a default judgment to be taken against him because his attorney had erroneously advised him that he had no defense. On the motion of a new attorney, who had a contrary opinion, the default judgment was set aside by the trial court and its action affirmed.

In *Waite* v. *Southern Pac. Co.*, 192 Cal. 467 [221 P. 204], the Supreme Court reversed the action of the trial court in refusing to set aside a default judgment which defendant allowed to be taken due to the mistaken belief of its attorney that as defendant had filed a petition for removal of the cause to the federal court, the state court was thereby deprived of jurisdiction to proceed further.

Thus it is clear from the authorities that a mistake of law does not bar a party, under proper circumstances, from being relieved of a default caused by that mistake.

*Kingsbury* v. *Brown*, 60 Idaho 464 [92 P.2d 1053, 124 A.L.R. 149], cited by plaintiff, is of no value here. It is an Idaho case which follows the Idaho rule that a default suffered through a mistake of law will not be relieved. That is not the rule in California.

In view of plaintiff's action in this case, it is interesting to note that plaintiff contends the trial court abused its discretion in setting aside the default, because of the lapse of almost five months between the entry of the default and the proceeding to set it aside. It hardly lies in good grace for the plaintiff to make this claim, in view of his action in concealing from the court the fact that the default had been taken. Plaintiff's attorney is an officer of the court. It was his duty when the defendants' motions to dismiss the action and to preclude plaintiff from giving evidence for failure to file the bill of particulars were heard, to inform the court that it had no power to proceed with the hearing for the reason that as the record then stood, a judgment had been entered. There can be no excuse for knowingly taking the time of a busy court on a matter which the plaintiff's attorney knew the court had no right to consider. Plaintiff contends that because the record shows entry of the default and judgment, and had defendants examined the record, they would have discovered the situation, they are precluded from being entitled to relief. If such were the law, and it is not, practically no default could be set aside, because it is always entered and would be shown by an examination of the record. Defendants' affidavits show that they were lulled into false security by plaintiff's action. The

record shows, too, that as late as June 19th plaintiff argued the motions based upon plaintiff's failure to serve a bill of particulars on the merits and without mention of the default. The court did not act upon them until August 29th. About three days later defendants filed their first notice of motion to set aside the default. The court indirectly found that there was no undue delay after defendants learned of the default and that they acted diligently. As said in *Key System Transit Lines* v. *Superior Court*, 36 Cal.2d 184 [222 P.2d 867], it is the recognized policy of the courts that trials should be had on the merits whenever possible. "In giving effect to that policy appellate courts have generally refrained from interfering on jurisdictional grounds with the trial court's reconsideration of a discretionary order not based on the merits of the litigation." (P. 187.) "The foregoing conclusion is further supported by the well established rules that the provisions of section 473 of the Code of Civil Procedure are to be liberally construed and sound policy favors the determination of actions on their merits. (14 Cal.Jur. 1012.) The discretion of the lower court in ruling upon matters under section 473 is a legal discretion, not an arbitrary one, and from the circumstances appearing we believe it is clear that the default judgment should have been set aside." (*Riskin* v. *Towers*, 24 Cal.2d 274, 279 [148 P.2d 611, 153 A.L.R. 442].)

The orders appealed from are affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied February 14, 1952, and appellant's petition for a hearing by the Supreme Court was denied March 13, 1952.