[Civ. No. 14856. First Dist., Div. One. Mar. 17, 1952.]

DON CLARK, Appellant, v. ROBERT DESCHAMPS, Respondent.

Hoge, Pelton & Gunther and Reginald Watt for Appellant.

Belli, Ashe & Pinney for Respondent.

PETERS, P. J.—This case has had a long and confused history. One phase of it has already been before this court (*Deschamps* v. *Independent Cab Co.*, 94 Cal.App.2d 127 [210 P.2d 299, 897]—which see for a supplementary statement of facts). The present appeal is by Clark, doing business as The Independent Cab Company,* from a judgment in a declaratory relief action determining that Clark is not entitled to enjoin Deschamps from enforcing a certain judgment rendered in a prior action against Clark, and that a valid new trial had not been granted in that prior action.

Deschamps was riding as a passenger in a cab driven by Stein and operated by Clark when the cab collided with an automobile being driven by Vallerga. Deschamps brought an action against Clark, Stein and Vallerga. The jury awarded Deschamps $15,000 against Clark and Stein, but found in favor of Vallerga. Deschamps and Clark seasonably filed notices of intention to move for a new trial on all of the statutory grounds. Neither of these motions was set for hearing, no affidavits or briefs were filed, no hearing was had, and the motions were never submitted. The statutory time within which the court could pass on proper motions for a new trial expired August 16, 1948. On July 7, 1948, the court entered its order purporting to grant a new trial as to all parties ''on the grounds of insufficiency of evidence to justify verdict, and upon all other legal grounds.'' Vallerga thereafter moved to set aside the new trial as to him.

*Clark and The Independent Cab Company, for convenience, will hereafter be referred to as ''Clark,'' or ''appellant.''

This motion was supported by proper affidavit averring that no points and authorities or affidavits were filed or served in support of the motions for a new trial, no notice given of any hearing, no hearing was had, and also averring that the motions had never been submitted. Deschamps filed a similar motion. On August 9th the trial court entered its order granting the motions of Deschamps and Vallerga to set aside its order granting a new trial as to all parties. Thus the original judgment was reinstated.

On August 18, 1948, two days after the trial court's jurisdiction to grant a new trial had expired, Deschamps and Clark again filed motions for a new trial, and, on the same day, the trial court entered its minute order granting both motions. A formal order so providing was entered August 24, 1948. These orders, having been entered after the court's jurisdiction had expired, were void. Thereafter, Deschamps moved for an order to determine and fix validity of the orders granting and denying motions for a new trial, and later Deschamps and Clark moved to set aside the order of August 9th and to reinstate the original order of July 7th. Vallerga appeared and objected to the jurisdiction of the court. On December 9, 1948, by minute order, and on December 14th by formal order, the trial court purported to set aside its order of August 9, 1948, and to reinstate its original order of July 7, 1948. Vallerga appealed from the December orders. This is the appeal that was decided in *Deschamps* v. *Independent Cab Co.*, 94 Cal.App.2d 127 [210 P.2d 299, 897]. In that case, this court reversed the December orders. The effect of this decision was to leave standing and effective the order of August 9, 1948, which order had set aside the prior order of July 7, 1948, granting a new trial to all parties. Thus, the original judgment was reinstated.

The decision on the prior appeal was rendered October 14, 1949, and the remittitur issued December 14, 1949. Thereafter, on January 10, 1950, the attorneys for Deschamps and Clark entered into a stipulation for a new trial to be had in March, 1950. This stipulation was signed by the trial judge and filed on January 12, 1950. Thereafter, Deschamps took the position that such stipulation was void in that no valid new trial had been granted to any party, and that his original judgment against Clark was enforceable. He threatened to levy execution on that judgment. Thereupon, on January 30, 1950, Clark instituted this action to

enjoin Deschamps from executing on the judgment, and to secure a declaration that, as to him, a new trial had been granted.

This relief was denied by the trial court. It found the facts as above set forth and concluded that the original judgment secured by Deschamps against Clark was "still valid, subsisting and enforceable"; that the order granting a new trial to all parties dated July 7, 1948, was nullified by the valid order of August 9, 1948; that the motions for a new trial were denied by operation of law on August 16, 1948; that the court was without power to make the December orders; and that the stipulation entered into in January, 1950, did not confer jurisdiction upon the court to retry the case. Clark appeals.

The basic contention of appellant is that because Deschamps did not appeal from the December orders, which purported to reinstate the order of July 7, 1948, granting a new trial to all parties, he is bound by those orders, unless the July 7th order was void on its face. It is urged that the July 7th order was valid on· its face, and that between appellant and Deschamps, it granted a new trial to Clark. It is pointed out that Deschamps was one of the parties that secured the December orders, and it is contended that· Deschamps, therefore, cannot collaterally attack such orders. These arguments are without merit.

The prior decision in *Deschamps* v. *Independent Cab Co.*, 94 Cal.App.2d 127 [210 P.2d 299, 897], is decisive on this appeal. That case held that the order of July 7, 1948, purporting to grant a new trial as to all parties was invalid, that the December orders were void, and that the order of August 9th, setting aside the order granting the new trial was valid. ▮▮▮ While it is true that Vallerga alone appealed from the December orders, and that Deschamps did not appeal, it is equally clear that both Clark and Deschamps were parties to that appeal, and both made appearances therein. Under such circumstances, all the parties to that appeal are estopped from again litigating the issues there decided. (*Penziner* v. *West American Finance Co.*, 10 Cal.2d 160 [74 P.2d 252]; *Estate of Baird*, 193 Cal. 225 [233 P. 974]; *People's Lbr. Co.* v. *Gillard*, 5 Cal.App. 435 [90 P. 556].)

In the original opinion filed on the prior appeal, the July 7th order was held to be void because (1) no motions for a new trial had been made in that only notices of intention to move had been filed; (2) no briefs or affidavits were

filed; (3) no hearing was had, and no notice of hearing given, and (4) the motions were never submitted. On a petition for rehearing, this court eliminated ground one above mentioned, stating that its prior holding that no motion had been made was incorrect, but also stating that this in no way affected the holding that the July 7th order was invalid. In its opinion correcting the prior opinion and denying the petition for rehearing, this court stated (p. 135): "This incorrect statement [that no motion had been made], does not affect the correctness of our decision. The motions [for a new trial] were never *submitted,* nor was any opportunity given the parties to be heard on them, either orally or otherwise. Moreover, as pointed out in our opinion, the order is invalid upon another ground. No affidavits had been filed as required by law, and yet the court purported to grant the new trial upon 'all other legal grounds' in addition to the ground of insufficiency of the evidence. This the court had no right to do. Hence its action on August 9 in setting aside the July 9 [should be July 7] order was not only proper but necessary." A petition for hearing in the Supreme Court, two justices dissenting, was denied. This decision is binding between the parties here involved. It should be pointed out that in our opinion on the prior appeal we pointed out that the invalidity of the July 7th order appeared from a mere examination of the judgment roll. (94 Cal.App.2d at p. 133.)

 Appellant claims that Deschamps is collaterally attacking the July 7th and December orders. Just how Deschamps is claimed to be doing this does not appear. All Deschamps is doing is threatening to execute on the original judgment. That is not a collateral attack. A collateral attack is "an attempt to impeach a judgment by matters *dehors* the record in an action other than that in which it was rendered." (*Nielsen* v. *Emerson,* 119 Cal.App. 214, 217 [6 P.2d 281]; see, also, *Rico* v. *Nasser Bros. Realty Co.,* 58 Cal.App.2d 878, 882 [137 P.2d 861].) By seeking to execute upon the judgment Deschamps is not attacking any existing order because, under the law of the case as established in the prior appeal, the only subsisting and valid order is that of August 9th, setting aside the July 7th order.

Appellant mentions, but does not particularly rely upon, the stipulation of January, 1950, entered into by the parties, by which they agreed that a new trial should be had

in March, 1950. ■ Of course, if the court had no power to grant a new trial, the parties could not, by stipulation, confer power on the court to retry the case. (*Gillespie* v. *Andrews*, 78 Cal.App. 595 [248 P. 715]; *Emery* v. *Pacific Employers Ins. Co.*, 8 Cal.2d 663 [67 P.2d 1046]; *Morrow* v. *Morrow*, 40 Cal.App.2d 474 [105 P.2d 129].)

As already pointed out, we held, in our prior opinion, that the order of August 9th was valid, that the July 7th and December orders were invalid, and that such invalidity appeared on the face of the record. That decision, right or wrong, established the law of the case as between the parties here involved.

The judgment appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied April 16, 1952, and appellant's petition for a hearing by the Supreme Court was denied May 12, 1952. Schauer, J., was of the opinion that the petition should be granted.

