[Civ. No. 17219.   First Dist., Div. Two.   July 22, 1957.]

MILTON D. HARRIS, as Administrator, etc., Respondent, v. BOARD OF EDUCATION OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Appellants.

GEORGE H. LEARNED, Respondent, v. BOARD OF EDU-CATION OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Appellants.

Dion R. Holm, City Attorney, George E. Baglin, Deputy City Attorney, and Irving G. Breyer for Appellants.

Piccirillo & Wolf and Sullivan, Roche, Johnson & Farraher for Respondents.

O'DONNELL, J. pro tem.*—This is an appeal from an order which vacated a prior order of dismissal of the above entitled actions.

*Assigned by Chairman of Judicial Council.

It is unnecessary for the purposes of this appeal to detail the history of this litigation which dates back to the year 1929. A brief résumé should suffice. More detailed recitals of the background of these actions will be found in *Learned* v. *Board of Education*, 37 Cal.App.2d 561 [99 P.2d 1100] and *Harris* v. *Board of Education*, 72 Cal.App.2d 43 [163 P.2d 883].

Respondents, as assignees of some 2,200 school teachers, brought these actions to recover portions of the teachers' salaries which had been withheld by the appellant board. In 1931, pursuant to stipulation, an interlocutory judgment was entered in favor of respondents decreeing that they were entitled to recover the monies so withheld. The judgment provided that the amount of recovery should be determined by an accounting. Appellants paid the portions of the withheld salaries that were admittedly due and respondents executed a partial satisfaction of judgment. Thereafter, a referee was appointed by the court to render an accounting. Difficulties were encountered, both in retaining the services of referees and in arriving at a satisfactory accounting procedure. Some of these difficulties are reflected in the two prior appeals above referred to.

Subsequent to 1931, hearings were held somewhat sporadically regarding the accounting provisions of the 1931 judgment, and those provisions were twice amended by court order. During this period also some test accountings were made. In 1947, and again in 1949, respondents filed notices of motion to modify the second amended order relative to further accounting. On each such occasion, appellants filed an affidavit of Irving G. Breyer in opposition to the motion. No action was taken on either of those motions. In 1951, respondents filed a similar notice of motion. Appellants thereupon filed an affidavit of Irving G. Breyer entitled, "Affidavit of Irving G. Breyer in Opposition to Affidavits of Louis M. Piccirillo and D. E. Pomeranz, and in Support of Motion to Dismiss." This affidavit was substantially the same as those filed in 1947 and 1949. The affidavit, after reciting some of the accounting difficulties and differences, concludes with the request that the entire proceedings be dismissed because (1) no money is due plaintiffs, (2) plaintiffs are guilty of laches, (3) plaintiffs have ignored the court's order directing the adoption of an accounting formula, (4) the judge who issued the accounting order has retired, and (5) there is no acting referee. Appellants' motion came up for hearing in

March, 1952. No evidence was presented at the hearing. The hearing consisted only of a discussion among court and counsel of the history of the litigation and the contentions of the respective parties. During the discussion appellants' counsel commented that they had a motion to dismiss pending. At the conclusion of the discussion it was agreed that all counsel would collaborate in preparing a written summary of the litigation and the issues involved for the information of the court. In April, 1952, appellants submitted such a summary, entitling it "History of Litigation and Issues Involved," and in its concluding paragraphs they again urged a dismissal of the actions on substantially the same grounds mentioned in Breyer's 1951 affidavit. In May, 1953, more than a year later, respondents presented their version of the case in a writing entitled "Plaintiffs' Memorandum in Support of Motion for Modification of Order and for Order of Reference." In this memorandum respondents made no reference to appellants' argument that the actions should be dismissed. A few days later appellants addressed a letter to the trial judge, directing a copy thereof to respondents' counsel, in which they again urged a dismissal of the actions. On February 15, 1954, the following minute order was entered: "In these actions heretofore submitted, the Court ordered the motions to dismiss actions granted." On July 2, 1954, respondents filed their notice of motion to vacate the order of dismissal, and on June 6, 1955, the court granted the motion and vacated the order of dismissal.

It is appellants' basic contention that the order of dismissal was regularly made and that the trial court had thereby exhausted its jurisdiction over the actions and therefore was without power to vacate the dismissal. On the other hand, respondents' basic contention is that no valid motion to dismiss was ever before the court, and that therefore the court had no jurisdiction to order the dismissal of the actions, and thus could properly vacate the void order of dismissal.

An order of the trial court dismissing an action is a final judgment. (*Southern Pac. R.R. Co.* v. *Willett*, 216 Cal. 387 [14 P.2d 526].) When such an order is regularly made the trial court has no power to correct it or set it aside. (*Stevens* v. *Superior Court*, 7 Cal.2d 110 [59 P.2d 988].) But where the trial court lacks jurisdiction to make the order, as in a situation where requisite notice has not been given to the plaintiff, it may be vacated by that court at any time thereafter. (*Svistunoff* v. *Svistunoff*, 108 Cal.App.2d 638 [239

P.2d 650] ; *Irons* v. *Superior Court,* 10 Cal.App.2d 523 [52 P.2d 553]. Also see *Key System Transit Lines* v. *Superior Court,* 36 Cal.2d 184 [222 P.2d 867], and *Minardi* v. *Collopy,** (Cal.App.) 308 P.2d 744.)

With respect to their purported motion to dismiss, appellants concede that the notice of motion required by section 1010 of the Code of Civil Procedure was not given. They contend, however, that the several affidavits of Breyer in which dismissal of the actions was urged put respondents on notice that they were seeking a dismissal. They also point to the fact that during the 1952 hearing they directed the attention of the court and counsel to the pendency of a motion to dismiss. They further refer to the fact that in their subsequently filed ''History of Litigation, etc.'' they again urged dismissal and that respondents in their reply memorandum made no protest. With respect to the motion to dismiss itself, appellants contend that a motion may be made in writing as well as orally, and that the 1951 affidavit of Breyer constituted a written motion to dismiss. Thus, they conclude that a motion to dismiss was before the court, that respondents had knowledge thereof and by their conduct waived formal notice, and that their motion to dismiss was thus regularly before the court.

It would appear that appellants are attempting to lift themselves by their own bootstraps. It will be remembered that the 1952 hearing was brought about by respondents' notice of motion to amend a prior order of court. That was the only motion that was noticed for hearing. During the course of the hearing the following colloquy was had: ''Mr. Breyer (appellants' counsel) : Then we have our motion to dismiss. Mr. Dold (appellants' counsel) : We have that also pending. Mr. Piccirillo (respondent's counsel) : On what basis? On what basis have you got any right to dismiss? Mr. Breyer : It is all in our affidavit. Mr. Piccirillo : Have you a right to dismiss the order which Judge Van Nostrand made? Mr. Breyer : We have a right to make a motion on the basis of your non-compliance. Mr. Dold : And they come in every once in a while in court and set the matter.'' A few other similarly oblique references to their motion were made by appellants. That was all. No motion was made to the court, nor were the grounds of any such motion stated. In *People* v. *Ah Sam,* 41 Cal. 645, 650-651, the court said : ''A motion

---

*A hearing was granted by the Supreme Court on May 24, 1957. The final opinon of that court is reported in 49 Cal.2d —— [316 P.2d 952].

is properly an application for a rule or order, made viva voce to a Court or Judge. It is distinguished from the more formal applications for relief by petition or complaint. The grounds of the motion are often required to be stated in writing and filed. In practice the form of the application itself is often reduced to writing and filed. But making out and filing the application itself is not to make the motion. If nothing more were done, it would not be error in the Court to entirely ignore the proceeding. The attention of the Court must be called to it. The Court must be moved to grant the order." Appellants cite *Herrlich* v. *McDonald,* 80 Cal. 472 [22 P. 299], as authority for the proposition that a motion may be made in writing and that Breyer's affidavit constitutes such a motion. This case is not at odds with the Ah Sam case. The Herrlich case was concerned only with the necessity of some written record of a motion for purposes of appeal. ■ Appellants also direct our attention to section 1005.5 of the Code of Civil Procedure. That section reads: "A motion upon all the grounds stated in the written notice thereof is deemed to have been made and to be pending before the court for all purposes, upon the due service and filing of the notice of motion, but this shall not deprive a party of a hearing of the motion to which he is otherwise entitled. Procedure upon a motion for new trial shall be as otherwise provided." To what extent that section might be applicable to the facts of the instant case we need not consider. The section was adopted in 1953, more than a year after the hearing here involved. This section is not retroactive. (*Barry* v. *Barry,* 124 Cal.App. 2d 107, 113 [268 P.2d 147].) ■ Nor do we think that appellants' arguments for dismissal contained in their "History of Litigation, etc.," nor respondents' failure to reply thereto, can add any strength to appellants' position. The history, coming as it did after the hearing, could not cure defects therein. And respondents' refusal to be drawn into debate on a motion not before the court cannot be construed as acquiescence in the validity of the motion.

Summarizing this phase of the case it appears abundantly clear from the record that appellants' purported motion to dismiss was not noticed for hearing, that notice was not waived, and that no motion to dismiss was ever submitted to the court for decision.

■ Appellants next urge that, regardless of any defects in their procedure to obtain a dismissal of the actions, the court had the power to dismiss them on its own motion, and

that it is of no consequence that the court's order recited that the dismissal was granted on appellants' motion. This contention cannot be sustained. In *Deschamps* v. *Independent Cab Co.*, 94 Cal.App.2d 127 [210 P.2d 299, 897], the court in affirming an order vacating a prior order granting a new trial said at page 131: "The court had the power on its own motion to grant a new trial. But the court did not do this. It purported to grant motions which had not been made."

As an additional argument in support of this contention, appellants say that dismissal of these actions was mandatory and that the dismissal must therefore be upheld regardless of who moved it. They direct our attention to the fact that the reversal in *Harris* v. *Board of Education, supra*, 72 Cal. App.2d 43, became final on January 31, 1946, and that the order of dismissal was made on February 15, 1954. They then seek to invoke that provision of section 583 of the Code of Civil Procedure which declares that when, after judgment on appeal has been taken and judgment reversed with cause remanded for a new trial, the action "must be dismissed" if not brought to trial within three years after remittitur is filed in the trial court. However, the appeal in *Harris* v. *Board of Education* was only from that portion of the "Second Amended Order Directing Further Accounting" which fixed the referee's compensation. The reversal, of course, was only of that portion of the order. The merits of the actions were not involved in the appeal. There was no remand of the actions for a new trial. The aforementioned provision of section 583 is therefore inapplicable to the facts of the instant case and the dismissal of the actions was not mandatory.

Appellants also say that, apart from statutory provisions for dismissal of actions, courts have inherent power to dismiss an action for failure to prosecute it diligently. The authorities they cite, to wit, *Estate of Gurnsey*, 61 Cal.App. 178 [214 P. 487]; *Lieb* v. *Lager*, 9 Cal.App.2d 324 [49 P.2d 886] and *Cohn* v. *Rosenberg*, 62 Cal.App.2d 140 [144 P.2d 399], so hold. However, unlike the mandatory requirements of dismissal set forth in sections 581a, 581b and 583 of the Code of Civil Procedure, the inherent power of the court to dismiss for lack of prosecution is a discretionary power. (*Raggio* v. *Southern Pac. Co.*, 181 Cal. 472 [185 P. 171].)

And where dismissal rests in the discretion of the court the plaintiff should be given notice of the motion to dismiss and an opportunity to be heard thereon. (*Poole* v. *Caulfield*, 45 Cal. 107; 16 Cal.Jur.2d, § 21, p. 168; 27 C.J.S. § 76, p. 259.)

684

Appellants next contend that no further sums are due respondents, that it is therefore idle to sustain the litigation further and it should be dismissed. This contention obviously cannot be upheld. Whether or not any further monies are owing respondents is the very heart of the case. That it may ultimately develop that respondents have been fully paid is beside the point. Respondents deny that they have been fully paid. This issue can only be resolved after a trial thereof on its merits.

It cannot be denied that this litigation is an antiquity. However, whether or not it should be dismissed for respondents' failure to have prosecuted it more diligently is a question on which respondents are entitled to be fully heard in the trial court.

The order vacating the judgment of dismissal is affirmed.

Dooling, Acting P. J., and Draper, J., concurred.

A petition for a rehearing was denied August 21, 1957, and appellants' petition for a hearing by the Supreme Court was denied September 18, 1957.