[Civ. No. 6785. Fourth Dist. Dec. 22, 1961.]

LEE HUNYDEE, Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent; NICK ZUNIC et al., Real Parties in Interest.

Richard Crake and David Horn for Petitioner.

No appearance for Respondent.

Rock Zaitzow for Real Parties in Interest.

GRIFFIN, P. J.—Petitioner Lee Hunydee, as plaintiff, brought an action in the Superior Court of San Diego County against Nick Zunic, et al., defendants, involving a promissory note. The trial was had before the court sitting without a jury and findings and judgment were signed holding against the plaintiff and in favor of defendants. Plaintiff moved for a new trial on July 25, 1961. It was granted and the clerk entered an order in the permanent minutes granting a new trial. In granting the new trial, the trial court made a statement to the effect that if the court had the power to amend the findings it would do so but it doubted it had such power. Apparently, the following day, the court, on its own motion, held a hearing on the question of setting aside the order granting the new trial upon representation of counsel for defendant that he believed the court did have the power to amend the findings. The court then made an order, as reflected by the permanent minutes, rescinding and setting aside the previous order granting the new trial, denied the motion for new trial, set aside the previous findings and judgment, and directed the attorney for defendant to prepare new findings and a new judgment. Apparently, new findings and judgment were served on petitioner but were never signed before petitioner here filed this petition for writ claiming the first order granting a new trial was final and that the trial

court lacked jurisdiction to amend it for the judicial error committed as indicated.

The writ sought to prohibit the superior court from entering any further findings or judgment for that reason. An order to show cause was issued by this court and written and oral arguments were presented and considered.

 When a motion for a new trial has been timely made, on the hearing, if through inadvertence or clerical mistake, certain judicial errors appear in the findings or judgment, then the court, at the time of the ruling on the motion, has authority to set aside, change or add to the findings, modify or vacate the judgment, or grant a new trial on all or part of the issues. (See Code of Civil Procedure, section 662; *Moklofsky* v. *Moklofsky,* 79 Cal.App.2d 259 [179 P.2d 628].) This does not apply to correcting judicial errors after an order has been properly entered granting or denying a motion for a new trial. (*Bastajian* v. *Brown,* 19 Cal.2d 209 [120 P.2d 9]; 36 Cal.Jur.2d §§ 169-170, pp. 381-383; *Parr* v. *Swanson,* 102 Cal. App.2d 666 [228 P.2d 26].) Code of Civil Procedure, section 660, makes it quite clear that the entry of the order granting a new trial in the permanent minutes of the court constitutes a determination of the motion. (3 Witkin, California Procedure, 1959 Supp., p. 68, § 32A.)

In *Western Electroplating Co.* v. *Henness,* 172 Cal.App.2d 278 [341 P.2d 718], the court held that when the trial court, on motion for new trial, follows the procedure authorized by Code of Civil Procedure, section 662, to change or add to its findings or modify the judgment, no new trial is thereby granted. It cites from *Sparr* v. *Byers,* 139 Cal.App. 668 [34 P.2d 787], holding that if a new trial is actually granted, the court divests itself of any power to alter the findings or judgment and its jurisdiction is lost except to retry the case. However, in this case, the order setting aside the previous order granting a new trial was made after the 60 days provided in Code of Civil Procedure, section 660, *supra.* To the same effect in *Pehau* v. *Stewart,* 112 Cal.App.2d 90 [245 P.2d 692], where there was an order made attempting to vacate a previous order granting a new trial. The appellate court there held that the second order was beyond the court's power to act unless in making the first order it acted in excess of its jurisdiction or the order was inadvertently entered or there was a clerical error in its entry.

In *Drinkhouse* v. *Van Ness,* 202 Cal. 359 [260 P. 869], it was held that: "When a motion for a new trial has been made

in due form, upon a settled statement, and the court has passed on the motion, the order regularly made is conclusive so far as the court making it is concerned. It cannot afterward, even on motion, vacate the order and decide the matter anew. (*Coombs* v. *Hibberd*, 43 Cal. 452; *Dorland* v. *Cunningham*, 66 Cal. 484 [6 P. 135].)"

It also stated that: "There are, of course, exceptions to the general rule. An order irregularly made is not subject to it, and may be set aside on a proper showing, if application is made therefor." (Citing *Morris* v. *De Celis*, 41 Cal. 331; *Holtum* v. *Greif*, 144 Cal. 521, 524 [78 P. 11].)

In *Hurt* v. *Basalt Rock Co.*, 84 Cal.App.2d 81 [190 P.2d 240], the trial judge entered an order granting a conditional new trial. Later, within the 60-day period, it made an additional order granting the motion for new trial unconditionally. The appellate court held the second order void and of no effect. In *Stevens* v. *Superior Court*, 7 Cal.2d 110 [59 P.2d 988], it was held that while a court has power to correct mistakes in its records and proceedings, and to set aside judgments and orders inadvertently made, which are not actually the result of the exercise of judgment, it has no power, having once made its decision after regular submission, to set aside or amend for judicial error.

■ The general rule is that where an order granting or denying a motion for new trial is regularly made by the trial court and correctly entered by the clerk, the court's jurisdiction in that regard is exhausted, and it may not modify or vacate the order. (*Irons* v. *Superior Court*, 10 Cal.App.2d 523 [52 P.2d 553]; *Carson* v. *Emmons D. & S. Moving Co.*, 18 Cal.App.2d 326 [64 P.2d 176]; *Deschamps* v. *Independent Cab Co.*, 94 Cal.App.2d 127 [210 P.2d 299, 897]; 36 Cal.Jur.2d § 170, pp. 383-384; *Compton* v. *Northwest Engineering Co.*, 116 Cal.App. 523 [2 P.2d 1014].)

Where the court's error is due to a mistake of law or an incorrect interpretation of the law, then the error is judicial and not correctible.

The record before us indicates no invalidity of the previous order granting a new trial. If there was error, it was judicial error. (*Stevens* v. *Superior Court*, *supra*, 7 Cal.2d 110; *Lankton* v. *Superior Court*, 5 Cal.2d 694 [55 P.2d 1170].)

Under the facts related, the writ should issue as prayed for in the petition.

Writ granted.

Shepard, J., and Coughlin, J., concurred.