Filed 7/5/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JOHN C. TORJESEN, | B263377 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC425880) |
| v. | |
| HARRY MANSDORF, Individually and as Trustee, etc., et al., | |
| Defendants; | |
| JAIME DEJESUS GONZALEZ, | |
| Third Party Claimant and Appellant. | |

APPEAL from an order of the Superior Court for Los Angeles County, Elizabeth White, Judge. Affirmed.

Long Beach Legal, John C. Feely; Jaime DeJesus Gonzalez, in pro. per., for Third Party Claimant and Appellant.

John C. Torjesen, in pro. per., for Plaintiff and Respondent.

The Enforcement of Judgments Law (Code Civ. Proc., §§ 680.010 et seq.) (the EJL) provides that "[a]fter the death of the judgment debtor, enforcement of a judgment against property in the judgment debtor's estate is governed by the Probate Code, and not by this title." (Code Civ. Proc., § 686.020.) The Probate Code provides that money judgments against a decedent, or claims against a deceased settlor or trustee of a trust, are payable in the course of administration, and are not enforceable under the EJL against property in the estate of the decedent or the trust estate unless the property had been levied upon before the decedent died. (Prob. Code, §§ 9300, 9303, 19300, 19303.)

In the case before us, a judgment creditor obtained a judgment against a judgment debtor (individually and as trustee of the debtor's trust), but did not levy on the debtor's property until after the debtor died. A third party claimant to the property filed a third party claim, and the judgment creditor filed a petition under the EJL to invalidate the third party claim. The trial court granted the judgment creditor's petition. The third party claimant did not appeal from that ruling. Two years later, the third party claimant filed a motion to vacate the order granting the petition, on the ground that it is void because the trial court did not have jurisdiction to proceed under the EJL. The trial court denied the motion, and the third party claimant appealed.

We conclude that the underlying order invalidating the third party claim was voidable, not void, and became final once the time to appeal that order ran. Therefore, we hold the trial court properly denied the third party claimant's belated motion to vacate that order.

2

## BACKGROUND

Plaintiff John C. Torjesen obtained a $2 million judgment against defendants Harry Mansdorf, individually and as trustee of the Mansdorf Family Revocable Trust (the Trust) on January 31, 2012. On September 17, 2012, he obtained a writ of execution[1] and on October 11, 2012, the Ventura County Sheriff's Department, at the direction of Torjesen, levied on property (the Malibu property) owned by Mansdorf as trustee of the Trust. Mansdorf, however, had died on August 27, 2012.

On March 6, 2013, the Ventura County Sheriff's Department mailed to the Trust a notice that the Malibu property was scheduled to be sold at a Sheriff's auction on April 18, 2013. Eight days later, third party claimant Jaime DeJesus Gonzalez filed a third party claim to ownership and possession of the Malibu property pursuant to Code of Civil Procedure section 720.130 (part of the EJL). Gonzalez asserted that in 2008, Mansdorf, in his capacity as trustee of the Trust, had transferred the Malibu property to himself (in his individual capacity) and Gonzalez as joint tenants. Gonzalez contended that at the time Torjesen levied on the property, neither Mansdorf nor the Trust owned it because it had passed to Gonzalez by right of survivorship, free and clear of Torjesen's liens, at the time of Mansdorf's death.

In response, on March 25, 2013, Torjesen sought and obtained a temporary restraining order to enjoin the Ventura County Sheriff's Department from releasing the Malibu property from the execution levy until the trial court could hear and determine a petition on the validity of the third party claim. Two days later,

---

[1]     An earlier writ of execution had been issued on June 28, 2012, but that writ incorrectly listed "Mansford Family Trust" as a judgment debtor. A new writ of execution that correctly identified the Trust was issued on September 17, 2012. The Ventura County Sheriff levied under the later writ of execution.

Torjesen filed a petition under the ELJ to invalidate Gonzalez's third party claim. The petition alleged that (1) Gonzalez was not a valid third party claimant under Code of Civil Procedure section 720.110; (2) the grant deed under which Gonzalez claimed ownership was recorded after Torjesen's judgment, and therefore did not supersede Torjesen's interest; (3) the grant deed was inconsistent with the terms of the joint venture agreement pursuant to which the transfer allegedly occurred; (4) the grant deed Gonzalez filed was altered, which rendered it void; (5) there was no effective delivery of the grant deed from Mansdorf to Gonzalez; and (6) Gonzalez's claim of ownership under joint tenancy was contrary to representations he made in federal court that the Malibu property passed to Mansdorf's estate upon his death.

Gonzalez's opposition to the petition was due a week later, on April 3, 2013. The day before the opposition was due, Gonzalez's attorney sought an extension of time to file the opposition, citing a medical issue, but the trial court denied the request. The next day, Gonzalez filed a declaration by Mansdorf's widow in support of his third party claim; he filed no points and authorities in opposition to Torjesen's petition.

On April 8, 2013, the day before the scheduled hearing, Gonzalez's attorney substituted out of the case, and Gonzalez, in propria persona, filed a request for dismissal without prejudice of his claim. The court entered the dismissal that same day. A week later, Torjesen filed an ex parte application asking the trial court to reconsider its ruling dismissing Gonzalez's claim, arguing that under the EJL, proceedings to determine the validity of a third party claim cannot be dismissed without the consent of the judgment creditor. On April 15, 2013, the trial court granted Torjesen's request for reconsideration, retracted its order dismissing the third party claim, and granted Torjesen's petition to invalidate Gonzalez's third party claim. Gonzalez did not appeal the trial court's order.

4

Two years later, Gonzalez, represented by new counsel, filed an ex parte application to vacate the trial court's order invalidating his third party claim. Gonzalez argued that the third party claim process used in the case was unlawful because the judgment debtor had died before the execution lien was perfected (citing Code Civ. Proc., § 686.020 and Prob. Code, §§ 19300, 19303), and therefore the order was void. The trial court denied the application on March 18, 2015, stating that the matter was resolved when the court granted Torjesen's petition to invalidate the third party claim in April 2013. Gonzalez timely filed a notice of appeal from the order denying his application.

## DISCUSSION

On appeal, Gonzalez argues that the April 15, 2013 order invalidating his third party claim was void *ab initio* because Code of Civil Procedure section 686.020 and Probate Code sections 9300 and 19300 expressly disallow enforcement of judgments under the EJL against property of a judgment debtor after the judgment debtor's death, unless that property was subject to an execution lien at the time of the debtor's death. Therefore, he contends, the trial court's March 18, 2015 order denying his motion to vacate the April 15, 2013 order also is void and appealable.

We agree that judgment creditor Torjesen proceeded to enforce his judgment in a manner that unquestionably was improper.[2] The statutory scheme could not be more clear: following the death of a judgment debtor, a judgment cannot be enforced against the judgment debtor's property, or property in his trust, by

---

[2]     We note that Mansdorf's attorney filed and served on Torjesen's attorney a request for judicial notice of Mansdorf's death on October 25, 2012. Thus, Torjesen had notice of Mansdorf's death no later than two weeks after the Malibu property was levied upon, well before the property was sold.

levying on that property under a writ of execution, and the judgment creditor must instead proceed under the Probate Code. (Code Civ. Proc., § 686.020; Prob. Code, §§ 9300, 19300.) But the question here is, did the statutory scheme deprive the court of fundamental jurisdiction with respect to Torjesen's enforcement of his judgment, or did the court merely act in excess of its jurisdiction by ruling on Torjesen's petition under the EJL? The answer matters, because if it is the former, the court's order is void, and subject to collateral attack at any time. But if the answer is the latter, the order is merely voidable, and it cannot be collaterally attacked once it is final, i.e., after the time to appeal has run. We conclude that under the circumstances here, the court's order was in excess of its jurisdiction, and was not subject to collateral attack two years after it was entered.[3]

A. *Law Governing Attacks on Final Orders and Judgments*

"A motion to vacate a judgment, made after the expiration of the six-month period allowed in section 473 of the Code of Civil Procedure . . . is governed by the rules applicable to collateral attack. [Citations.] In the absence of extrinsic fraud or mistake [citation] a judgment so attacked cannot be set aside unless it is void on its face. [Citations.]" (*Wells Fargo & Co. v. City etc. of S.F.* (1944) 25 Cal.2d 37, 40; see also *Thompson v. Cook* (1942) 20 Cal.2d 564, 569 ["It is well settled in this state that a court has no power to set aside on motion a judgment or order not void on its face unless the motion is made within a reasonable time, and it has been definitely determined that such time will not extend beyond the limited time fixed by section 473 of the Code of Civil Procedure as at present in force"].)

---

[3] We might reach a different conclusion if the record showed that Mansdorf's estate was being administered in probate, because the probate court would then have had jurisdiction *in rem* over the property at issue. (*Estate of Radovich* (1957) 48 Cal.2d 116, 121.) But there is no indication in the record that the estate was in probate.

In *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, the Supreme Court addressed when a jurisdictional error renders a judgment (or a final order) subject to collateral attack. The Court explained that "jurisdictional errors are of two types. 'Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.' [Citation.] When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and 'thus vulnerable to direct or collateral attack at any time.' [Citation.] [¶] However, 'in its ordinary usage the phrase "lack of jurisdiction" is not limited to these fundamental situations.' [Citation.] It may also 'be applied to a case where, though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no "jurisdiction" (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites.' [Citation.] '"[W]hen a statute authorizes [a] prescribed procedure, and the court acts contrary to the authority thus conferred, it has exceeded its jurisdiction."' [Citation.] When a court has fundamental jurisdiction, but acts in excess of its jurisdiction, its act or judgment is merely voidable. [Citations.] That is, its act or judgment is valid until it is set aside, and a party may be precluded from setting it aside by 'principles of estoppel, disfavor of collateral attack or res judicata.' [Citation.] Errors which are merely in excess of jurisdiction should be challenged directly, for example by motion to vacate the judgment, or on appeal, and are generally not subject to collateral attack once the judgment is final unless 'unusual circumstances were present which prevented an earlier and more appropriate attack.' [Citations.]" (*People v. American Contractors Indemnity Co.*, *supra*, 33 Cal.4th at pp. 660-661.)

B.      *The Trial Court Properly Denied Gonzalez's Motion to Vacate*

In his appellant's opening brief, Gonzalez does not specifically address the trial court's fundamental jurisdiction or the difference between void and voidable orders.  Instead, he relies upon language from *Casa Eva I Homeowners Assn v. Ani Construction & Tile, Inc.* (2005) 134 Cal.App.4th 771 (*Casa Eva*) to assert that "[t]he trial court had no jurisdiction to utilize an expressly unauthorized statutory scheme to entertain the Third Party Claim process nor enter the April 15, 2013, Order."  His reliance on *Casa Eva* is misplaced.

To be sure, the appellate court in *Casa Eva* referred to an order made in contravention of the EJL as void:  "'These judgment lien statutes are subject to strict construction because they are purely the creation of the Legislature.  [Citations.]  Thus, where a statute requires a court to exercise its jurisdiction in a particular manner, follow a particular procedure, or be subject to certain limitations, an act beyond those limits is in excess of its jurisdiction and void.'  [Citations.]"  (*Casa Eva*, *supra*, 134 Cal.App.4th at pp. 778-779, citing *Pangborn Plumbing Corp. v. Carruthers & Skiffington* (2002) 97 Cal.App.4th 1039, 1056 and *Epstein v. Abrams* (1997) 57 Cal.App.4th 1159, 1167.)  But *Casa Eva*, and the cases upon which it relied, did not involve collateral attacks on final judgments or orders.  Rather, those cases involved *direct* attacks on judgments or orders by means of timely appeals.  Thus, the appellate courts declared those *voidable* judgments void, not because the trial courts lacked fundamental jurisdiction, but because they acted in excess of their jurisdiction.  Those cases have no bearing on the present case.

Because the present case involves a collateral attack on a final order, the relevant question is whether the trial court had fundamental jurisdiction, i.e., jurisdiction over the subject matter and the parties.  Gonzalez appears to argue that the statutory scheme at issue here -- Code of Civil Procedure section 686.020 and

8

Probate Code sections 9300 and 19300 -- deprived the trial court of subject matter jurisdiction.  He is incorrect.

Without question, the superior court has jurisdiction over disputes related to the enforcement of judgments and the validity of claims to property that has been levied upon.  (See, e.g., Code Civ. Proc., §§ 720.310, subd. (a) [providing that creditor or third party claimant "may petition the court for a hearing to determine the validity of the third-party claim and the proper disposition of the property that is subject of the claim"], 680.160 ["'Court' means the court where the judgment sought to be enforced was entered"].)  The statutory scheme does not deprive the superior court of jurisdiction over these matters.  It simply limits the manner in which a judgment creditor may enforce a judgment against a deceased judgment debtor's property.

The trial court's error in this case was in allowing Torjesen to proceed under the EJL.[4]  But that error was an act in excess of jurisdiction, which could have been addressed in an appeal from the order granting Torjesen's petition.  Because Gonzalez did not appeal from that order, it is a final order not subject to collateral attack.  Therefore, the trial court properly denied Gonzalez's motion to vacate the earlier order.

//
//
//
//

---

[4]     To be fair to the trial court, Gonzalez himself proceeded under the EJL when he filed his third party claim, and did not bring to the court's attention that Torjesen could not enforce his judgment under the EJL due to Mansdorf's death.

## DISPOSITION

The order denying Gonzalez's motion to vacate the April 15, 2013 order is affirmed. The parties shall bear their own costs on appeal.

**CERTIFIED FOR PUBLICATION**


WILLHITE, J.


We concur:


EPSTEIN, P. J.


COLLINS, J.