Filed 5/14/21  Schrage v. Schrage CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| LEONARD SCHRAGE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL SCHRAGE,<br><br>        Defendant and Appellant. | B307539<br><br>(Los Angeles County<br>Super. Ct. No. BC579623) |

        APPEAL from an order of the Superior Court of Los Angeles County, Daniel J. Buckley, Judge.  Affirmed.
        Randall S. Waier for Defendant and Appellant.
        Jung & Yuen, Curtis C. Jung, and Elizabeth A. Frye for Plaintiff and Respondent.

————————————————

# INTRODUCTION

Michael Schrage appeals from a postjudgment order directing the levying officer to seize two of his cars from his residence after his brother, Leonard Schrage, obtained a money judgment against Michael and his other brother, Joseph Schrage. The trial court, after granting the motion and issuing its ruling, ordered counsel for Leonard to submit a proposed order. The proposed order counsel for Leonard submitted to the court and served on counsel for Michael later that day included the trial court's ruling, but added a few provisions the court had not mentioned. Counsel for Michael, however, did not object to the proposed order, and the trial court signed it.

Michael argues that some of the provisions counsel for Leonard added to the proposed order the court ultimately signed are not authorized by the Enforcement of Judgments Law (Code Civ. Proc., § 680.010 et seq.).[1] Because Michael forfeited his arguments by failing to object to the proposed order, we affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

A. *Leonard Seeks To Enforce His $26 Million Judgment Against His Brothers by Seizing Michael's Cars*

Leonard filed this action against Michael and Joseph, alleging they mismanaged and misappropriated assets of the family's car dealership business. (See *Schrage v. Schrage* (Aug. 19, 2020, B288478) [nonpub. opn.].) On March 12, 2019 the trial court entered a net judgment of approximately $26 million in

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

favor of Leonard and against Michael and Joseph. Michael's appeal from the judgment is pending.

On October 22, 2019 Leonard obtained a writ of execution directing the levying officer to enforce the judgment against Michael. On November 18, 2019 a sheriff's deputy attempted to levy on a 2009 Ferrari F430 Leonard believed was at Michael's house. The deputy found two Ferraris at Michael's house, one covered in the driveway and one in a garage. The license plate of the Ferrari in the driveway did not match the one listed in the writ of execution, and a woman at Michael's home refused to give the deputy access to the garage and said Michael was not home. The deputy did not have a probable cause order that would allow him to inspect the property without consent from a homeowner. (See § 699.030.) The deputy left the property and filed a "Notice of Not Found/No Service," notifying Leonard that the deputy failed to take custody of the Ferrari.

On December 31, 2019 Leonard filed an ex parte application for an order under section 699.030, subdivision (b), to direct the levying officer to seize personal property in a private place, namely, the two Ferraris stored at Michael's home in Woodland Hills or at a "car barn" at Michael's residence in Hidden Hills. Leonard stated that Michael had intentionally concealed the cars—the 2009 Ferrari F430 and a 1999 F355 Serie Fiorano— worth approximately $390,000 and that Michael falsely claimed he had sold the 2009 Ferrari and improperly changed the license plate on the car to obfuscate its chain of title. Leonard's application included a vehicle registration report for the 2009 Ferrari that showed the car was still registered to Michael. Regarding the 1999 Ferrari, Leonard stated Michael falsely claimed he had transferred its title to his attorney in lieu of

payment for attorneys' fees. Leonard's application included an online advertisement dated December 23, 2019, allegedly posted by Michael, listing the 1999 Ferrari for sale. Leonard also submitted a picture of Michael's car barn that ostensibly showed the two Ferraris covered. Leonard argued there was probable cause under section 699.030 for an order giving the levying officer authority to enter Michael's property and seize the Ferraris. The trial court denied the ex parte application without prejudice, but set a January 15, 2020 hearing date for a noticed motion seeking the same relief and ordered Michael not to "sell, transfer, give or conceal the two subject automobiles."

In opposition to Leonard's motion, Michael argued that, prior to the March 2019 judgment, he transferred the title to the 1999 Ferrari to his attorneys pursuant to a "written collateral agreement" regarding Michael's outstanding attorneys' fees; that he sold the 2009 Ferrari two years earlier; and that there was no probable cause to believe the cars were located on Michael's property.

On January 15, 2020 the court set the matter for an evidentiary hearing that the court eventually held on July 15, 2020. In supplemental briefing Leonard provided additional evidence of Michael's ownership and possession of the Ferraris and his continued efforts to conceal the cars from Leonard. Michael continued to deny he owned or possessed the cars and to argue there was no probable cause to support an order authorizing the levying officer to seize the cars from his residence.

4

B. *The Trial Court Grants the Motion for an Order Directing the Levying Officer To Seize the Cars*

After a hearing for which Michael did not request a court reporter, the court granted the motion. The court found that Michael still possessed the Ferraris, that "there is probable cause to believe that [Michael] is concealing either of the Ferraris at either of his residences," and that Michael's "attempts to obfuscate the record and argue to the contrary are unpersuasive." The court stated it was "dismayed—but not surprised, given [Michael's] troubling course of misconduct—at the opposition's blatant misrepresentations of the record." The court stated it was "wholly unimpressed by [Michael's] frivolous contention that this Court is 'without jurisdiction' to issue the requested order simply because" Leonard had not shown the levying officer complied with section 699.030. The court continued: "If [Michael] or his counsel were to spend any amount of time reading section 699.030(b), then they would have been aware that this line of argument is completely baseless. Thus, the Court is left to conclude that [Michael] either deliberately sought to mislead this Court or was so careless in drafting his opposition that he neglected to even read the governing statutes. Regardless, neither explanation justifies advancing such a frivolous argument. Indeed, the Court is unsure how such an argument, offered in opposition, is not sanctionable." The court authorized the levying officer to enter Michael's residences in Woodland Hills and Hidden Hills and seize the Ferraris and ordered Michael "to surrender the titles and pink slips of the vehicles to the offices of counsel for [Leonard]." Finally, the court ordered counsel for Leonard to submit a proposed order.

Later that day Leonard filed a notice of ruling, submitted a proposed order (that attached the court's ruling), and served both documents on counsel for Michael. The proposed order also expanded the scope of the court's ruling by adding five new provisions that (1) authorized a "certified independent process server" to seize the Ferraris at either of Michael's residences or from "any other location where the subject Ferraris may be located"; (2) entitled Leonard to the "proceeds and related funds from the sale" of either car by Michael; (3) prohibited Michael and any person under his direction from interfering with the seizures of the Ferraris; (4) required Michael "and/or any of his representatives, agents or employees" to "turnover, surrender and deliver forthwith to [Leonard's] Counsel . . . the original 'pink slips' and signed title registration documents" for the Ferraris on or before July 22, 2020; and (5) prohibited Michael "and/or any of his representatives, agents or employees" from driving, concealing, marketing, advertising, moving, damaging, harming, relocating, or transferring the Ferraris from their current location and from selling, gifting, or pledging as collateral the Ferraris to any person or third party.

Michael did not object to the proposed order. Two weeks later, on July 29, 2020, the court signed it without making any modifications. Michael timely appealed from the July 29, 2020 order.[2]

---

[2] On November 10, 2020 the trial court issued an order in connection with a motion by Leonard for an order to show cause why Michael should not be held in contempt and for sanctions for failure to comply with the court's July 15, 2020 and July 29, 2020 orders. The order authorized Leonard to sell the 1999 Ferrari and sign its "pink slip."

# DISCUSSION

Michael argues the trial court's July 29, 2020 order does not comply with, and exceeds the trial court's authority under, certain provisions of the Enforcement of Judgments Law.  In particular, Michael contests the additional directives Leonard included in the proposed order he submitted on July 15, 2020, which the court signed on July 29, 2020.  Leonard contends Michael forfeited all of his arguments concerning the July 29, 2020 order because Michael did not object to the proposed order.  Under the circumstances, Michael forfeited his arguments.

### A.    *Applicable Law*

In general, an appellant forfeits an issue on appeal by failing to raise it in the trial court.  (See *Porterville Citizens for Responsible Hillside Development v. City of Porterville* (2007) 157 Cal.App.4th 885, 912 (*Porterville*) ["It is axiomatic that a party may not complain on appeal of rulings to which it acquiesced in the lower court."]; *In re Stier* (2007) 152 Cal.App.4th 63, 74 ["'[F]orfeiture' is . . . the loss of the right to raise an issue on appeal due to the failure to pursue it in the trial court."].)  ""'The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected.'""  (*Oiye v. Fox* (2012) 211 Cal.App.4th 1036, 1065.)  Otherwise, "[i]t is unfair to the trial judge and the adverse party to attempt to take advantage of an alleged error or omission on appeal when the error or omission could have been, but was not, brought to the

attention of the trial court in the first instance." (*Porterville*, at p. 912.)

The forfeiture rule applies to objections to proposed orders that could have been raised in the trial court. (*People ex rel. Herrera v. Stender* (2012) 212 Cal.App.4th 614, 645; *Oiye v. Fox*, *supra*, 211 Cal.App.4th at pp. 1065-1066; *City of San Marcos v. Coast Waste Management, Inc.* (1996) 47 Cal.App.4th 320, 327-328.) Thus, when a party submits a proposed order, "a party who failed to bring any deficiencies or omissions therein to the trial court's attention forfeits the right to raise such defects or omissions on appeal." (*Porterville*, *supra*, 157 Cal.App.4th at p. 912; see *City of San Marcos*, at p. 328 ["[b]y repeatedly failing to object to the language of the proposed written order, [the appellant] effectively waived any objection to it"].) There is an exception to the forfeiture rule that allows an appellant to raise for the first time on appeal an issue concerning the trial court's subject matter jurisdiction, but that exception does not apply where, as here, the trial court has fundamental jurisdiction—i.e., jurisdiction over the subject matter and the parties—and the appellant claims the court acted in excess of its jurisdiction. (*Kabran v. Sharp Memorial Hospital* (2017) 2 Cal.5th 330, 337-342; *Ironridge Global IV, Ltd. v. ScripsAmerica, Inc.* (2015) 238 Cal.App.4th 259, 267; *Conservatorship of O'Connor* (1996) 48 Cal.App.4th 1076, 1092; see *Torjesen v. Mansdorf* (2016) 1 Cal.App.5th 111, 116 [trial court's error in allowing a judgment creditor to invalidate a third party claim under the Enforcement of Judgments Law, rather than requiring the judgment creditor to proceed in probate court as required by the Probate Code, was only an act in excess of jurisdiction].)

B.    *Michael Forfeited His Challenges to the July 29, 2020*
       *Order by Failing To Object to the Proposed Order*

California Rules of Court, rule 3.1312 (rule 3.1312) provides in relevant part that "the party prevailing on any motion must, within five days of the ruling, serve by any means authorized by law and reasonably calculated to ensure delivery to the other party or parties no later than the close of the next business day a proposed order for approval as conforming to the court's order. Within five days after service, the other party or parties must notify the prevailing party as to whether or not the proposed order is so approved.  The opposing party or parties must state any reasons for disapproval.  Failure to notify the prevailing party within the time required shall be deemed an approval." (Rule 3.1312(a).)

Leonard submitted to the court and served counsel for Michael with a proposed order several hours after the hearing on July 15, 2020.  Michael did not notify Leonard within five days whether Michael approved the proposed order or state any reasons for his disapproval.  Michael therefore is deemed to have approved the proposed order, and he cannot now raise objections to the July 29, 2020 order that he could have raised in the trial court.  (See *City of San Marcos v. Coast Waste Management, Inc.*, *supra*, 47 Cal.App.4th at pp. 327-328 [appellant forfeited the argument that a proposed order did not accurately reflect the court's minute order by failing to object to those aspects of the proposed order]; *Andrus v. Estrada* (1995) 39 Cal.App.4th 1030, 1043-1044 [by failing to object to a proposed order before the trial court signed it, the appellants forfeited the argument that the order did not comply with applicable statutes]; see also *People ex rel. Herrera v. Stender*, *supra*, 212 Cal.App.4th at p. 645

[appellants forfeited their challenge to certain terms of a notice required by the rules of professional conduct by failing to seek modification of the notice despite having the opportunity to do so].)

Michael contends the forfeiture rule should not apply because counsel for Leonard, by submitting the proposed order to the trial court the same day he served it on counsel for Michael, violated rule 3.1312(a). But the court ordered counsel for Leonard on July 15, 2020 "to submit an order to the court." Nothing in rule 3.1312 precludes a prevailing party from submitting a proposed order to the trial court at the same time the party serves the proposed order on the opposing party. Rule 3.1312(b) provides that the prevailing party must, "upon expiration of the five-day period provided for approval [by the opposing party], promptly transmit the proposed order to the court together with a summary of any responses of the other parties or a statement that no responses were received." That apparently did not occur in this case, presumably because there were no responses to transmit. But contrary to Michael's argument, counsel for Leonard's act of submitting the proposed order to the trial court the same day he served it on Michael did not preclude Michael from objecting to the proposed order. Indeed, the court did not sign the proposed order for another two weeks.

Michael also argues that, in his opposition to Leonard's motion, he objected to "some of the directives" in the order that Leonard submitted after the hearing and that the court ultimately signed on July 29, 2020. Michael, however, does not cite where in the record he made any such objections or identify which "directives" he objected to. (See *Oiye v. Fox*, *supra*, 211 Cal.App.4th at p. 1065 [to preserve an issue for appeal, a

10

party must raise the objection in the trial court and ""must cite to the record showing exactly where the objection was made""""]; see also *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 ["'[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.'"].)[3]  And without a reporter's transcript, we cannot determine what Michael might have objected to during the July 15, 2020 hearing.  Moreover, even if Michael had made an objection in his earlier filings or at the hearing, rule 3.1312 provides that an opposing party approves a proposed order by failing to object to it.

Finally, Michael argues the July 29, 2020 order is not valid because the order "add[ed] directives not formally noticed for hearing."  Section 1010, which governs the notice of motions, requires only that "the notice of a motion, other than for a new trial, must state when, and the grounds upon which it will be made, and the papers, if any, upon which it is to be based."  The purpose of section 1010 "is to enable the party served with notice to prepare a defense to the proposed motion if he so desires." (*Alvak Enterprises v. Phillips* (1959) 167 Cal.App.2d 69, 74.) Michael filed an opposition to the motion, a supplemental

---

[3]      Although Michael does not cite to the record where he objected to the proposed order, it appears he did argue in the trial court that the proposed order Leonard submitted with his original ex parte application requested relief beyond the scope of section 699.030 by seeking an order of seizure of "'any other Ferraris . . . or any other vehicle owned by [Michael] from [his] residences . . . or any other location'" and by requesting the proceeds of any other vehicles Michael might sell.  These objections, however, are not the objections Michael raises on appeal.  The July 29, 2020 order does not refer to any cars other than the 1999 and 2009 Ferraris.

memorandum in opposition to the motion, and declarations in support of both. Michael did not argue in the trial court that Leonard's notice was insufficient, and on appeal he does not cite any other statute or rule that requires a notice of motion identify with particularity the relief sought in the motion. (See *Lencioni v. Dan* (1954) 128 Cal.App.2d 105, 108 [section 1010 "does not require, at least where the other party, as here, does not object to the form of the notice, that the grounds must be stated with minute particularity"].) Moreover, the three cases Michael cites in support of his argument he was entitled to notice of every item included in the July 29, 2020 order are inapposite; they stand only for the unremarkable proposition that a court lacks jurisdiction to rule on a motion that is not noticed for a hearing at all. (See *Diaz v. Professional Community Management, Inc.* (2017) 16 Cal.App.5th 1190, 1204-1205; *Harris v. Board of Education* (1957) 152 Cal.App.2d 677, 681; *Svistunoff v. Svistunoff* (1952) 108 Cal.App.2d 638, 642.) That did not occur here.[4]

---

[4] Michael argues the trial court's November 10, 2020 order authorizing Leonard to "sell the 1999 Ferrari and 'sign its "pink slip" upon such sale'" was "legally verboten." Michael, however, has not appealed from that order, and his appeal from the July 29, 2020 order (filed September 4, 2020) does not mention it. (See *Nellie Gail Ranch Owners Assn. v. McMullin* (2016) 4 Cal.App.5th 982, 1007-1008 ["'"[W]here several judgments and/or orders occurring close in time are separately appealable . . . , each appealable judgment and order must be expressly specified—in either a single notice of appeal or multiple notices of appeal—in order to be reviewable on appeal."'"].)

## DISPOSITION

The order is affirmed.  Leonard Schrage is to recover his costs on appeal.


SEGAL, J.


We concur:


PERLUSS, P. J.


FEUER, J.