Filed 3/30/26  Le Bel v. Nucal Foods CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| JOSEPH LE BEL,<br><br>       Plaintiff, Cross-defendant and Appellant,<br><br>    v.<br><br>NUCAL FOODS, INC., et al.,<br><br>       Defendants, Cross-complainants and Respondents. | C103477<br><br>(Super. Ct. No. STKCVUWT20230005807) |

When Joseph Le Bel sued his former employer, Nucal Foods, Inc. (the company), and some of his former employer's officers and employees (collectively Nucal), Nucal filed a cross-complaint against Le Bel.  After determining that Le Bel failed to file a third amended answer to Nucal's cross-complaint, the trial court granted Nucal's motion for judgment on the pleadings and entered judgment in its favor.  Representing himself on appeal, Le Bel raises multiple challenges to the judgment, including that the trial court

1

lacked jurisdiction to consider the motion for judgment on the pleadings; that the judgment was obtained through fraud by counsel for Nucal; and that the trial court violated his due process rights by refusing to consider his opposition to Nucal's motion. We affirm.

BACKGROUND

The underlying facts and procedural history of the parties' claims against each other are largely immaterial to our resolution of this appeal. It suffices to say that in connection with his former employment with the company, and while represented by counsel, Le Bel filed a complaint alleging multiple causes of action, including wrongful termination in violation of public policy. Nucal filed a cross-complaint that contained, inter alia, a cause of action for breach of contract, which alleged Le Bel violated his separation of employment agreement with the company by filing his lawsuit.

In February 2024, Le Bel filed a document captioned "LE BEL'S SECOND AMENDED ANSWER TO CROSS-COMPLAINT . . . ." Nucal demurred to that pleading. A day before the May 2024 hearing on Nucal's demurrer,[1] Le Bel filed a second document captioned "LE BEL'S SECOND AMENDED ANSWER TO CROSS-COMPLAINT . . . ." Ultimately, the trial court sustained Nucal's demurrer and granted Le Bel leave to amend, ordering him to "file a Third Amended Answer to the Cross-Complaint no later than 20 days" after notice of the ruling. The minute order reflecting this ruling refers only to the second amended answer that was filed in February 2024; it does not mention the document that Le Bel filed the day before the hearing.

In June 2024, shortly after the trial court granted him leave to file a third amended answer, Le Bel—for the third time—filed a document captioned "LE BEL'S SECOND AMENDED ANSWER TO CROSS-COMPLAINT . . . ."

---

[1] Other matters to be heard that day were Nucal's motion to strike Le Bel's second amended answer and Le Bel's motion for sanctions against Nucal.

In the fall of 2024, Le Bel's attorney dismissed his action against Nucal and filed multiple documents in the trial court indicating that he had ceased representing Le Bel. For reasons that are immaterial here, in November 2024, the trial court granted Nucal's request that it order Le Bel to file Judicial Council form MC-050 to clarify his status as not represented by counsel. Le Bel did not file the form until March 2025.

Meanwhile, Nucal moved for a judgment on the pleadings on their cross-complaint in December 2024, arguing that Le Bel's "failure to file a third amended answer [was] fatal," because Nucal's cross-complaint stated sufficient facts to constitute causes of action. Nucal served the motion on Le Bel's attorney of record.

Le Bel filed his opposition a month later, several days before the hearing on the motion. He neither requested oral argument nor appeared at the hearing. Nucal did not request oral argument, but it did telephonically appear at the hearing, where it represented to the trial court that (1) it was never served with a copy of Le Bel's opposition to its motion for judgment on the pleadings and (2) though Le Bel "was given leave to file a Third Amended Answer," he "file[d] a Second Amended Answer instead." Citing Code of Civil Procedure section 1005, subdivision (b),[2] the trial court declined to consider Le Bel's untimely opposition and reasoned that because "[t]he second amended answer was never amended" Nucal was entitled to judgment as a matter of law. The trial court also noted that Le Bel still had not filed a substitution of attorney on Judicial Council form MC-050, despite the order to do so months earlier.

---

[2] Undesignated statutory references are to the Code of Civil Procedure. Section 1005, subdivision (b), provides in relevant part: "Unless otherwise ordered or specifically provided by law, all moving and supporting papers shall be served and filed at least 16 court days before the hearing. . . . All papers opposing a motion so noticed shall be filed with the court and a copy served on each party at least *nine court days*, and all reply papers at least five court days before the hearing." (Italics added.)

Le Bel contends in his opening brief that, about one week after the trial court's ruling granting Nucal's motion for judgment on the pleadings, he attempted to file motions to set aside the ruling (1) because of fraud, excusable mistake, and/or mistake of law (§ 473) and (2) because it was based on an incorrect or erroneous legal basis (§ 663).[3] In any event, Le Bel apparently did file those motions in March 2025, the same month the trial court entered judgment for Nucal. In April 2025, before the trial court adjudicated his motions to set aside the earlier rulings, Le Bel filed a timely notice of appeal of the judgment.[4] He states in the opening brief that he "informed th[e] trial court that it lacked jurisdiction on the issues raised in" his pending motions and that he believes this is the reason why the trial court did not adjudicate those motions.

DISCUSSION

I

*Appellant's Burden*

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) An appellant must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the

---

[3] Le Bel asserts on appeal that the court rejected these filings and he does not know why.

[4] Le Bel's motion to strike Nucal's appendix because it was filed more than 10 days after he filed his appendix is denied. (See Cal. Rules of Court, rule 8.124(e)(3) ["A respondent's appendix, if any, must be served and filed with the respondent's brief"].) Le Bel's other arguments regarding why we should strike Nucal's appendix are unpersuasive.

4

record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) That relevant record citations may have been provided elsewhere in the brief, such as in the factual background, does not cure a failure to support specific legal arguments with citations to the record. (*City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239, fn. 16.) "We are not required to examine undeveloped claims or to supply arguments for the litigants." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.) These rules apply here, even though Le Bel is representing himself, as "self-representation is not a ground for exceptionally lenient treatment." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)

II

*The Trial Court's Jurisdiction to Consider the Motion for Judgment on the Pleadings*

Le Bel contends he was never served with Nucal's motion for judgment on the pleadings, and therefore the order granting the motion is void because the trial court lacked jurisdiction to consider it. We agree with Nucal that service of the motion on Le Bel's attorney of record was proper. Therefore, the trial court had jurisdiction to grant the motion.

A.     *Legal Background*

A trial court "lacks jurisdiction to rule on a motion that has not been properly noticed for hearing on the date in question. (*Svistunoff v. Svistunoff* (1952) 108 Cal.App.2d 638, 641 ['A sufficient notice of the hearing not having been given, the order was void']; *Harris v. Board of Education* (1957) 152 Cal.App.2d 677, 680 ['where the trial court lacks jurisdiction to make the order, as in a situation where requisite notice has not been given to the plaintiff, it may be vacated by that court at any time thereafter'].)" (*Diaz v. Professional Community Management, Inc*. (2017) 16 Cal.App.5th 1190, 1204-1205, fn. omitted.) A void order may be attacked for the first time on appeal. (*People v. Safety National Casualty Corp*. (2007) 150 Cal.App.4th 11, 17.)

5

An attorney in a case may be changed at any time (1) upon the consent of both client and attorney in a document "filed with the clerk" or (2) by court order "upon the application of either client or attorney, after notice from one to the other." (§ 284.) Written notice of the change "and of the substitution of a new attorney, or of the appearance of the party in person, must be given to the adverse party. *Until then he must recognize the former attorney*." (§ 285, italics added.) Relatedly, the Rules of Professional Conduct of the State Bar of California prohibit an attorney's communication "directly or indirectly about the subject of the representation" with a person the lawyer "knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer." (Rules Prof. Conduct, rule 4.2.) " ' "[A] bright line" ' " in this area is " ' "essential," ' " because " ' "an attorney must be able to determine beforehand whether particular conduct is permissible . . . . Unclear rules risk blunting an advocate's zealous representation of a client." ' " (*San Francisco Unified School Dist. ex rel. Contreras v. First Student, Inc.* (2013) 213 Cal.App.4th 1212, 1230.)

B.     *Analysis*

Le Bel argues that Nucal knew his home address and e-mail address when it filed the motion for judgment on the pleadings and therefore should have served him personally with the motion, and not his former attorney who "did not have authority to accept service" on his behalf. This argument is unpersuasive, because even if Nucal's counsel knew where to send copies of its motion to Le Bel directly,[5] counsel had a duty to serve Le Bel's attorney of record—and *not* Le Bel himself.

---

[5] The assertion that Nucal knew Le Bel's home and e-mail addresses when it filed the motion for judgment on the pleadings is ostensibly based on (1) documents filed by Le Bel's former attorney, (2) a declaration by Le Bel, and (3) admissions by a third party. But the assertion is not supported by any citations to the record.

Le Bel does not challenge the trial court's November 2024 order directing him to file Judicial Council form MC-050 to clarify whether he was represented by counsel or proceeding in propria persona. Accordingly, the propriety of that order is not before us and we presume its correctness. (*Jameson v. Desta*, *supra*, 5 Cal.5th at pp. 608-609; *Allen v. City of Sacramento*, *supra*, 234 Cal.App.4th at p. 52.) Given that order, and the fact that Le Bel did not sign the MC-050 form until March 2025—well after Nucal filed its motion for judgment on the pleadings in December 2024—counsel for Nucal had a duty to recognize Le Bel's counsel of record (§ 285) and to avoid direct communications with Le Bel, such as serving him with the motion for judgment on the pleadings (Rules Prof. Conduct, rule 4.2).

Accordingly, Le Bel has not demonstrated that the motion for judgment on the pleadings was improperly noticed and that the trial court lacked jurisdiction to rule on it.

III

*Allegations of Fraud*

Le Bel argues the judgment is void because it is based on fraud by Nucal's counsel. Specifically, Le Bel contends there was fraud because counsel for Nucal (1) knew his former attorney had no authority to accept service of the motion for judgment on the pleadings and (2) "misled the trial court to think that . . . Le Bel had not filed an amended complaint" within the time allowed by the May 2024 order.[6] These contentions are not cognizable on appeal because they were not litigated in the trial court.

" '[I]t is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the

---

[6] Le Bel also presents a separately headed argument in his opening brief contending the trial court erred in granting judgment on the pleadings because the ruling was based on Nucal's attorneys' intentional and knowing misrepresentation that Le Bel had not filed an amended answer in response to the May 2024 order. We view that contention as a reformulation of the argument we reject in this portion of the opinion.

7

trial court.'  Thus, 'we ignore arguments, authority, and facts not presented and litigated in the trial court.  Generally, issues raised for the first time on appeal which were not litigated in the trial court are waived.' " (*Newton v. Clemons* (2003) 110 Cal.App.4th 1, 11, fns. omitted.)  Here, while Le Bel alleged fraud by counsel for Nucal in his March 2025 motions to set aside the judgment, the trial court never *ruled* on the issue— apparently because Le Bel filed his notice of appeal in April 2025 while the motions were pending.  Accordingly, the issue was not litigated in the trial court and we will not consider it for the first time on appeal.

IV

*The Trial Court's Observation that the Answer Was* "*Never Amended*"

Le Bel contends the order granting the motion for judgment on the pleadings is "based on an incorrect statement of the record and not supported by the record." Specifically, he maintains the trial court was incorrect when it stated that the second amended answer "was never amended."  We reject this contention, because even if we accept the truth of Le Bel's assertion that he amended his answer in such a way as to cure the defects identified by the trial court in its May 2024 order, the trial court did not err in relying on the caption of his June 2024 pleading, which Le Bel concedes misidentified the document as his second amended answer rather than as his *third* amended answer.

"[O]verburdened trial courts labor long and hard" (*Nazir v. United Airlines, Inc*. (2009) 178 Cal.App.4th 243, 289), and they may occasionally overlook something that would readily have been rectified had attention been called to it (*People v. McKinnon* (2011) 52 Cal.4th 610, 638).  That is why the " ' " 'law casts upon the party the duty of looking after his legal rights and of calling the judge's attention to any infringement of them.  If any other rule were to obtain, the party would in most cases be careful to be silent as to his objections until it would be too late to obviate them, and the result would be that few judgments would stand the test of an appeal.' " ' " (*Ibid.*)

8

Here, Le Bel apparently miscaptioned the June 2024 document he filed in response to the trial court's order permitting him to file a third amended answer. But how could the trial court reasonably have been expected to recognize that mistake? Over the course of four months, Le Bel filed three documents bearing the same caption: "LE BEL'S SECOND AMENDED ANSWER TO CROSS-COMPLAINT . . . ." He filed one in February 2024, to which Nucal demurred. He filed a second document with that caption one day before the hearing on the demurrer. And he filed a third document with the same caption less than a week later, after the hearing and the trial court's order granting leave to amend. Though it was his duty to do so (*People v. McKinnon*, *supra*, 52 Cal.4th at p. 638), Le Bel did not take advantage of his opportunities to call the trial court's attention to the miscaptioning of the June 2024 document. Because his opposition to the motion for judgment on the pleadings was untimely, the trial court did not consider it. And although he had notice of the trial court's tentative ruling—which observed that the second amended answer was "never amended"—he neither requested oral argument nor appeared at the hearing on the motion, where he might have alerted the trial court to the miscaptioning.

Counsel for Nucal did appear, and argued that the June 2024 document that Le Bel filed was a second amended answer "*instead*" *of* the third amended answer that the trial court's order contemplated. Under these circumstances, the observation by the trial court that the second amended answer was "never amended" is not a valid basis to reverse the judgment. (See *People v. McKinnon*, *supra*, 52 Cal.4th at p. 638; cf. *United States v. Sineneng-Smith* (2020) 590 U.S. 371, 375-376 ["In our adversarial system of adjudication, we follow the principle of party presentation" whereby courts " 'rely on the

parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present' "].)[7]

V

*Leave to Amend*

Le Bel argues the trial court abused its discretion by not affording him leave to amend his June 2024 pleading by correcting the miscaptioning. This argument is unpersuasive, because—from the pertinent perspective—there was *nothing to amend*.

Usually made by defendants, motions for judgment on the pleadings are the equivalent of a general demurrer, and on appeal we will assume the truth of all facts properly pleaded in the complaint. (*Engine Manufacturers Assn. v. State Air Resources Bd.* (2014) 231 Cal.App.4th 1022, 1034.) Motions for judgment on the pleadings by plaintiffs are less common and are the equivalent of a demurrer to an answer. (*Ibid.*) In those less common situations " 'the appellate court will assume the truth of all facts properly pleaded in the answer and will disregard the controverted allegations of the complaint.' " (*Ibid.*) Denial of leave to amend after granting a motion for judgment on the pleadings is reviewed for abuse of discretion. (*Travelers Property Casualty Co. of America v. Engel Insulation, Inc.* (2018) 29 Cal.App.5th 830, 834.)

The trial court's discretion to allow amendments to the pleadings in the furtherance of justice (§ 473, subd. (a)(1)) should be exercised liberally in favor of

---

[7] In their respondent's brief, Nucal states its counsel "did not have the chance to consider" Le Bel's June 2024 pleading before filing the motion for judgment on the pleadings, because despite the proof of service in Le Bel's appendix, the document was not served on Nucal's counsel. We ignore these factual assertions and admonish counsel not to assert facts in an appellate brief that cannot be supported by a citation to the record. (See *Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154 [we may not "review 'evidence' that purportedly is contained in the *briefs*"]; *Muller v. Reagh* (1959) 170 Cal.App.2d 151, 154-155 [a court cannot rely on assertions in appellate brief that are not shown by the record].)

10

amendments. (*McAllister v. County of Monterey* (2007) 147 Cal.App.4th 253, 297.) A plaintiff need not request leave to amend to preserve on appeal the issue of whether the court abused its discretion in sustaining a demurrer without leave to amend. (*Ibid.*) The question on appeal is whether there is a reasonable possibility that the defect in a pleading's legal effect can be cured by amendment. (*Id.* at p. 298.)

Here, assuming for the sake of argument that a cross-defendant like Le Bel need not request leave to amend to preserve on appeal the issue whether the trial court abused its discretion in granting a cross-plaintiff's motion for judgment on the pleadings,[8] we conclude the court did not abuse its discretion in granting the motion without leave to amend. Le Bel has not demonstrated a defect in his June 2024 pleading's legal effect. The problem was not the content of that pleading, but that no document captioned "third amended answer" was filed within the timeframe allowed by the May 2024 order; thus, from the trial court's perspective, no third amended answer was ever filed. Le Bel does not persuasively explain how correcting the caption at this stage would cure that defect. (Cf. *Hearst v. Hart* (1900) 128 Cal. 327, 328 [discussing with approval the notion of a judgment on the pleadings "for want of an answer"]; *French v. Smith Booth Usher Co.* (1942) 56 Cal.App.2d 23, 29 ["Where a complaint is verified," and "an answer is not sufficiently verified . . . it may be stricken out [citation], or judgment on the pleadings may be ordered"].)

Accordingly, because Le Bel has not carried his burden to show how correcting the caption of his June 2024 document now would change the legal effect of the pleading, in terms of its untimeliness, we conclude this argument is unpersuasive.

---

[8] Le Bel does not assert that he made such a request and we found none in the record.

## VI

### *Due Process*

Le Bel contends the trial court violated his due process rights by refusing to consider his untimely opposition to Nucal's motion for judgment on the pleadings. This contention rests, in part, on an argument that we have already rejected: that Nucal obtained a ruling on its motion through fraud. In any event, a litigant is not deprived of a right to due process, which includes the opportunity to be heard, when a court enforces preexisting requirements that the litigant act within a specific period of time. (Cf. *United States ex rel. Haight v. Catholic Healthcare West* (9th Cir. 2010) 602 F.3d 949, 954 [the United States Supreme Court's decisions " 'have emphasized time and again' " that while " 'the Due Process Clause grants the aggrieved party the *opportunity* to present his case,' " litigants "do not have a due process right to a late appeal"].) Le Bel does not challenge the trial court's determination that his opposition, filed four court days before the hearing on Nucal's motion, was untimely. (See § 1005, subd. (b).) Accordingly, the trial court's decision not to consider Le Bel's untimely opposition to Nucal's motion for judgment on the pleadings was not a due process violation.

### DISPOSITION

The judgment is affirmed. Nucal is entitled to recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

/s/
BOULWARE EURIE, J.

We concur:

/s/
HULL, Acting P. J.

/s/
FEINBERG, J.

12